BENJAMIN KENNER *vs.* THE CENTURY INDEMNITY COMPANY & others
(and a companion case [1]).

Suffolk.     March 6, 1946. — June 25, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Insurance,* Motor vehicle liability insurance, Subrogation. *Subrogation. Words,* "Use."

A policy of compulsory motor vehicle liability insurance issued under G. L. (Ter. Ed.) c. 90, § 34A, as amended, covered judgments obtained against the proprietor of an automobile repair shop and an employee thereof for personal injuries sustained in a collision occurring on a public way between an automobile in which the judgment creditor was riding and the insured automobile while the insured automobile, which had been left by its owner at the repair shop for repairs, was being driven on a way by the employee of the shop for testing purposes in the course of the repairs; but noncompulsory coverage in the same policy did not cover such judgments because the definition of "insured" in that coverage excluded one operating an automobile repair shop, or any employee thereof, with respect to any accident arising out of its operation.

Under the provision of G. L. (Ter. Ed.) c. 90, § 34C, that a blanket policy of compulsory motor vehicle liability insurance issued under that section shall cover all vehicles "owned or controlled by" the insured, such a policy issued to the proprietor of an automobile repair shop having a general registration under c. 90, § 5, covered an automobile in his possession for repairs while it was being operated on a public way for testing in the course of the repairs, notwithstanding that his number plates were not displayed on the automobile and a provision of the policy limited its coverage to vehicles "under a . . . repairer's registration," and that the automobile was being operated on the number plates of its owner.

A policy of insurance issued to the proprietor of an automobile repair

---

[1] The companion case is by Marlene Kenner against the same defendants.

shop and insuring him against liability for personal injuries arising from the ownership, maintenance, occupation or use of the shop premises and adjoining ways "and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of motor vehicles," but not "ownership or use of any motor vehicle,". covered a judgment against the proprietor for personal injuries sustained through negligence of an employee of the proprietor in operating on a way, for testing in the course of repairs, an automobile owned by a third person and left by him at the shop for such repairs.

A judgment against the proprietor of an automobile repair shop for property damage resulting from negligence of his employee in driving on a way, for testing in the course of repairs, an automobile of a third person left at the shop for such repairs was not covered by a motor vehicle liability insurance policy issued to the owner of the automobile, in which the definition of "insured" excluded one operating such a shop, or any employee thereof, "with respect to any accident arising out of the 'operation thereof"; but the judgment was covered by a policy of insurance issued to the proprietor and insuring him against liability for property damage "arising out of the ownership, maintenance, occupation or use of the [shop] premises . . . and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of motor vehicles."

A judgment creditor holding a judgment for personal injuries, in an amount less than $5,000, covered by both of two policies of compulsory motor vehicle liability insurance issued by different insurers, each having an applicable limit of liability of $5,000 and each providing that if the insured had other valid and collectible insurance against the loss the insurer should not be liable for a greater proportion of the loss than such limit of liability bore to the total applicable limit of liability of all the insurance, and also covered by noncompulsory coverage with an applicable limit of liability of $10,000, included in one of the policies, which provided that the limit of liability of the compulsory coverage should be fully exhausted before the limit of liability of the noncompulsory coverage should apply, was entitled, in a consolidated suit in equity to reach and apply the obligations of both insurers, to recover from each insurer one half of the amount of the damages included in the judgment, one half of the interest on that amount, one half of the costs of the judgment and one half of the interest on such costs.

A provision in each of two policies of compulsory motor vehicle liability insurance issued by different insurers, that "in the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor," did not entitle either insurer to throw the whole amount of a certain loss upon the other by subrogation where the loss, arising from a judgment for personal injuries against one who was either a named or an unnamed insured in both policies, was covered by both policies; the loss must be apportioned between the insurers according to an "Other Insurance" provision contained in like terms in both policies.

FOUR BILLS IN EQUITY, filed in the Superior Court on September 27, 1944.

The suits were consolidated and reported by *J. Walsh, J.*

*E. Field,* for the plaintiffs.

*D. J. Kelly,* (*N. F. Fermoyle* with him,) for Massachusetts Bonding and Insurance Company.

*W. W. Jump,* for The Century Indemnity Company.

QUA, J.    The plaintiff in each of these two suits seeks to reach and apply under G. L. (Ter. Ed.) c. 214, § 3 (10), and c. 175, § 113, the alleged obligations of the defendant The Century Indemnity Company, hereinafter called Century, and of the defendant Massachusetts Bonding and Insurance Company, hereinafter called Mass. Bonding, to the defendants Robinson and Toohey, copartners, and to the defendant Mailloux, under motor vehicle liability policies issued respectively by Century to one Dineen and by Mass. Bonding to Robinson and Toohey, each policy being effective during the year 1943.    The facts are agreed.    The cases are here by report.

The policy issued by Century to Dineen covered a single vehicle therein described.    Robinson and Toohey carried on in Lawrence the business of dealing in and servicing and repairing automobiles.    The registrar of motor vehicles issued to them a certificate of registration containing a general distinguishing number and furnished them number plates as provided in G. L. (Ter. Ed.) c. 90, § 5.    The policy issued by Mass. Bonding to Robinson and Toohey was in "garage liability form."    Mailloux was an employee of Robinson and Toohey.    On or about December 18, 1943, Dineen delivered his motor vehicle, insured by Century, to Robinson and Toohey for the purpose of having repairs made upon it.    As necessary and incident to said repairs, and for the purpose of testing the vehicle, Mailloux as the servant or agent of Robinson and Toohey operated it upon a public way in Lawrence and negligently collided with a motor vehicle owned by the plaintiff Benjamin Kenner, causing damage to his motor vehicle and personal injury to the plaintiff Marlene Kenner.    At the time of the collision Robinson and Toohey as principals and Mailloux as their

agent were responsible for the operation of Dineen's vehicle, and its operation was with the express or implied consent of Dineen. Dineen's plates and not those of Robinson and Toohey were upon it. In 1944 Benjamin Kenner recovered judgment against Robinson and Toohey and also against Mailloux for the damage to his vehicle, both judgments being for the same cause of action; and Marlene Kenner recovered judgments against the same defendants for personal injury, both judgments being for the same cause of action. After the judgments had remained unsatisfied for thirty days the plaintiffs brought four suits, which by consolidation have been reduced to the two now before us. All conditions precedent have been satisfied to enable the plaintiffs to prevail, if they are otherwise entitled to prevail upon the facts stated and under the terms of the policies to which reference will be made in dealing with the claims of the respective plaintiffs.

1. The plaintiff Marlene Kenner has a valid claim against Century for the amount of her damages for personal injury, the sum being that mentioned as damages in each of her judgments, together with the costs of both judgments and interest.

This recovery rests squarely upon "Coverage A" of Century's policy. "Coverage A" is the Massachusetts compulsory motor vehicle liability policy defined in G. L. (Ter. Ed.) c. 90, § 34A, as amended by St. 1935, c. 459, § 2. It includes insurance of the named insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against liability arising out of the operation of the vehicle upon the ways of the Commonwealth. Robinson and Toohey as principals and Mailloux as their agent were persons responsible for the operation of Dineen's motor vehicle upon a way of the Commonwealth with the implied consent of the named insured. Marlene Kenner was a person injured who did not come within either of the excluded classes of "Guest Occupant" or employee entitled to workmen's compensation. Liability to her on the part of Robinson and Toohey or of Mailloux was a liability insured against by "Coverage A."

2. The plaintiff Marlene Kenner has, however, no valid claim against Century on "Coverage B" of Century's policy, which is the general nonstatutory coverage against liability for bodily injury, since the definition of "insured" applicable to this coverage excludes any person or organization, or any agent or employee thereof, operating a repair shop or service station, with respect to any accident arising out of the operation thereof. The accident which resulted in the injury to Marlene Kenner did arise out of the operation of Robinson and Toohey's repair shop and service station.

3. The plaintiff Marlene Kenner has a valid claim against Mass. Bonding under "Coverage A" of Mass. Bonding's policy for the same total sum for which, as hereinbefore stated, she has a valid claim against Century.

"Coverage A" of Mass. Bonding's policy is also a compulsory motor vehicle liability policy, but it differs from Century's "Coverage A" in that it was issued to Robinson and Toohey as dealers and service or repair men holding a certificate of registration containing a "general distinguishing number" assigned to them under authority of G. L. (Ter. Ed.) c. 90, § 5. That section provides that "all motor vehicles . . . owned or controlled" by the dealer or repair man "shall be regarded as registered under such general distinguishing number . . . until sold or let for hire or loaned for a period of five successive days; provided, that number plates furnished as hereinafter provided are properly displayed thereon." Robinson and Toohey's plates were not displayed upon Dineen's motor vehicle at the time of the accident. The policy contained a definition of "motor vehicle" in "Coverage A" which, as applicable to this case, limits the coverage to vehicles "under a . . . dealer's or repairer's registration." Mass. Bonding therefore argues that since the vehicle was not displaying Robinson and Toohey's plates, it was not under their registration and so was not covered by the policy.

We think, however, that the definition in the policy of the motor vehicles covered by it is to be construed with reference to the statutes with which "Coverage A" was

intended to comply and with which the commissioner of insurance must have believed it complied when, presumably, he approved its form or allowed its use under G. L. (Ter. Ed.) c. 175, § 113A. Chapter 90, § 34C, provides that any dealer applying for registration under § 5 may, in lieu of procuring a separate policy or bond for each vehicle, "furnish a single motor vehicle liability policy or bond covering all motor vehicles owned or controlled by him." It was plainly intended by the language of these two sections taken together that the statutory coverage under a blanket policy of a dealer registering under § 5 should cover all vehicles "owned or controlled by him." The dealer or repair man registering all vehicles owned or controlled by him under § 5, like the ordinary individual who registers a single vehicle under § 2, must as a condition precedent to any registration prove by certificate attached to his application that he has obtained the insurance required by statute. C. 90, § 1A, as last amended by St. 1934, c. 264, § 2. We think that dealers and repair men who have furnished the certificate and applied for and obtained registration by virtue of it under § 5, no more than the registrants of single vehicles under § 2, should be allowed by failing to attach their plates to withdraw from the coverage of their policies vehicles for which they have secured registration. See *Fallon* v. *Mains*, 302 Mass. 166. "Coverage A" contains the provision required to be inserted in compulsory liability policies by c. 175, § 113A (5), that "no act or default of the insured, either prior or subsequent to the issue of the policy, shall operate to defeat or avoid the policy" so as to bar recovery by a judgment creditor. We think that the words of Mass. Bonding's policy defining "motor vehicle" in "Coverage A" as a "motor vehicle . . . under a . . . dealer's or repairer's registration . . ." mean a motor vehicle which the dealer or repairer may by attaching his plates lawfully use on the public ways by virtue of his blanket registration under c. 90, § 5, whether or not his plates are actually upon it at the moment of any particular accident. We think that the proviso in § 5, "provided, that number plates furnished as herein-

after provided are properly displayed thereon," means only that for the purpose of lawful operation upon public ways vehicles of a dealer or repair man are regarded as registered under the blanket registration of § 5 only when bearing the appropriate plates, and that the proviso is not to be construed as limiting the insurance coverage which by § 34C, originally enacted long after the original enactment of § 5, the dealer or repair man is required to furnish.

We see nothing in *O'Halleron* v. *Miller*, 274 Mass. 508, *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346, *Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340, or *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446, which militates against this interpretation of the law and of the policy.

Of course we do not intimate that it is unlawful for a dealer or repair man to operate a motor vehicle on the plates of his customer, but it does not follow that while so doing the dealer or repair man is not covered by his own insurance of "all motor vehicles owned or controlled by him" obtained in compliance with § 34C. If in this way an injured person may have double security, we think this more consistent with the compulsory insurance law than that any part of the coverage required by that law should become ineffective. And a judgment creditor can never compel payment of his judgment more than once.

4. The plaintiff Marlene Kenner also has a valid claim against Mass. Bonding under the "Coverage B" of Mass. Bonding's policy for the amount of her damages for personal injury, together with the costs and interest on her judgment against Robinson and Toohey.

"Coverage B" of Mass. Bonding's policy is not a statutory coverage. See *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 435–436. It insures against liability because of bodily injury "sustained by any person or persons, caused by accident and arising out of the operations defined in division 4 . . . ." The operations defined in "Division 4" are "The ownership, maintenance, occupation or use of the premises herein designated [see item 1 of "Declarations"], [1] including

---

[1] Item 1 stated the names and address of the insureds and the location of the "insured premises," and described the "Nature of Operations" as "Dealer and Service." — REPORTER.

the public ways immediately adjoining," for the purpose of "Dealer and Service" (see item 1 of "Declarations") and "all operations *either on the premises or elsewhere* [emphasis supplied] which are necessary and incidental thereto, including repairs of motor vehicles or their parts, and ordinary repairs of buildings on the premises and the mechanical equipment thereof." "Division 4" of "Coverage B" seems to us to amount to a general liability policy upon the business carried on by Robinson and Toohey, except as to liability arising out of the ownership or use of motor vehicles under divisions 1, 2, and 3. It includes protection against liability arising out of the testing of vehicles upon public ways for the purpose of repairing them in the course of the business. This part of the coverage of "Division 4" is not in this instance restricted by item (i) of the "Exclusions" which applies only to "ownership or use of any motor vehicle," since Robinson and Toohey did not own the vehicle in question, and we think "use" in this connection, when read with the provision of "Division 4" hereinbefore described, does not include driving a vehicle for the purpose of repairing it.

5. The plaintiff Benjamin Kenner has no valid claim against Century.

Since this plaintiff's judgments are for property damage and not for personal injury, the compulsory insurance law has no application. The only liability of Century with respect to property damage is that described in "Coverage C," and that is limited by clause "(c)" in "Definition of 'Insured'" to the effect that, except the named insured, the insurance does not apply "to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof." Neither Robinson and Toohey nor Mailloux was named as insured in the Century policy on Dineen's motor vehicle, and Robinson and Toohey, whose agent or employee Mailloux was, did operate an automobile repair shop and service station, and the accident, although it did not occur at their place

of business, did arise "out of the operation" of that repair shop and service station.

6. The plaintiff Benjamin Kenner has a valid claim against Mass. Bonding for the amount of his property damage in his judgment against Robinson and Toohey, together with the costs in that judgment and interest.

This rests upon the liability to the named insured (Robinson and Toohey) set forth in "Coverage C" of the Mass. Bonding policy to pay on behalf of the insured all sums which the insured shall become liable to pay for property damage "caused by accident and arising out of the ownership, maintenance, occupation or use of the premises herein designated" for the purposes of "Dealer and Service" ("Declarations," "Item 1") "and all operations *either on the premises or elsewhere* [emphasis supplied] which are necessary and incidental thereto, including repairs of motor vehicles or their parts . . .."

7. Century raises questions of the proportions in which the two insurers should bear the loss. These questions are now important only in respect to the judgments of Marlene Kenner for personal injury for which alone both insurers are responsible. Both policies contain under the head of "Other Insurance" a provision that if the insured has other insurance against a loss covered by the policy the insurer shall not be liable for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss. The applicable limit of liability of Century under its statutory "Coverage A" upon which alone Century is liable is $5,000. The applicable limit of liability of Mass. Bonding under its statutory "Coverage A" upon which it is liable is the same. Mass. Bonding is also liable under the terms of its nonstatutory "Coverage B," under which the limit of liability is $10,000, but both policies contain a provision by which the limits of liability of "Coverage A" are to be fully exhausted before the limits of liability of "Coverage B" are to apply. Marlene Kenner's judgments and accrued interest are for a less amount than the limit of liability

under "Coverage A." So far as now appears the insurance under both policies is collectible. Therefore in the consolidated suit in which Marlene Kenner is plaintiff she will recover against each insurer half of the sum which has been adjudicated as the amount of her damages, together with half the interest on that sum, and half of the costs of both of her judgments and half of the interest on such costs.

If it should be made to appear at the entry of final decree that any of the insurance is not collectible, such adjustment must be made that the plaintiff Marlene Kenner will not lose any part of the total sum to which she is entitled.

8. Century bases a further contention upon the subrogation clause which appears in each policy in the same words that "in the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor." Century argues that if Robinson and Toohey or Mailloux were insured under Century's policy, Century has a right to be subrogated to any claim either may have against Mass. Bonding as insurer of the garage and so may throw the entire loss upon Mass. Bonding. One trouble with this argument seems to us to be that Robinson and Toohey were insureds under both policies, being the named insureds in Mass. Bonding's policy and unnamed insureds in the statutory coverage of Century's policy, and Mailloux was an unnamed insured in the statutory coverage of both policies. If the subrogation clause of either policy applied to other insurance, each insurer would be entitled to subrogation against the other, and subrogation would become a futility. Moreover, if the subrogation clause had any effect between insurers, it would conflict with the "Other Insurance" clause. There is no room for the application of the subrogation clause between the insurers, and a correct result is reached if the amount payable to the plaintiff Marlene Kenner and covered by both policies is simply charged against the companies in the proportions required by the "Other Insurance" provision found in both policies, and we so decide. See *Austin v. Dixie Fire Ins. Co.* 232 Mass. 214; *Standard Marine Ins. Co. Ltd.* v. *Scottish Metropolitan Assurance Co. Ltd.*

283 U. S. 284; *Queens Ins. Co.* v. *Meyer Milling Co.* 43 Fed. (2d) 885, 888; *Standard Marine Ins. Co. Ltd.* v. *Westchester Fire Ins. Co.* 93 Fed. (2d) 286, 288.

9. Century also contends that it is entitled to subrogation to the rights of Dineen, its named insured, against Robinson and Toohey and Mailloux, arising out of the bailment of Dineen's vehicle to Robinson and Toohey and their negligence or that of their servant. But as far as we can perceive one sufficient answer to this contention is that Dineen has suffered no bodily injury, nor, so far as appears, property damage, nor has he incurred any liability to anyone to pay for either kind of damage. He therefore has no claim against anyone which can be the subject of subrogation. *Arnold* v. *Jacobs*, 319 Mass. 130, 133, 134.

The result is that in the consolidated suit in which Marlene Kenner is plaintiff a decree is to be entered against Century and Mass. Bonding in accordance with this opinion; and in the consolidated suit in which Benjamin Kenner is plaintiff a decree is to be entered against Mass. Bonding in accordance with this opinion, and the suit is to be dismissed as against Century. Unless some reason to the contrary is made to appear, nothing would be gained by again establishing the claims of the plaintiffs against the same parties against whom they already hold judgments, and the suits may therefore be dismissed as against the judgment debtors. The plaintiff Marlene Kenner is to recover a single bill of costs in this court against Century and Mass. Bonding. The plaintiff Benjamin Kenner is to recover his costs in this court against Mass. Bonding, but is to be liable for costs in favor of Century.

*So ordered.*