MARYLAND CASUALTY COMPANY *vs.* FRANCIS P. HUNTER
& others.

Suffolk.    May 3, 1960. — June 24, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Insurance,* Motor vehicle liability insurance.  *Equity Jurisdiction,* Declaratory relief.  *Declaratory Judgment.*

A suit in equity brought by an insurer conceding some liability under a motor vehicle liability insurance policy to the holder of a judgment for personal injuries caused by the judgment debtor's operation of the insured automobile, and seeking a determination whether the judgment was also covered by a similar policy issued by another insurer, and if so, the extent to which each insurer was liable, presented a controversy within the purview of G. L. c. 231A.    [241]

A blanket policy of compulsory motor vehicle liability insurance issued under G. L. c. 90, § 34C, as amended through St. 1949, c. 571, § 3, to the holder of a general repairer's registration under c. 90, § 5, as amended through St. 1952, c. 377, § 1, and defining a motor vehicle for the purposes of the insurance as one "under . . . a repairer's registration," construed with the provision of § 34C that such a policy shall cover "all motor vehicles owned or controlled by" him, covered an automobile owned by him while it was being operated on a public way notwithstanding that the plates then displayed on it were not his plates but repairer's plates of another person.    [241–243]

The insurer in a policy of automobile liability insurance requiring that written notice of an accident involving the insured automobile be given to it "as soon as practicable" by or on behalf of the insured and that the insured "immediately forward to the . . . [insurer] every demand, notice, summons or other process received by him or his representative," was not liable under the noncompulsory coverage in the policy to the holder of a judgment for personal injuries caused by the automobile while it was being operated by the judgment debtor, an insured under the policy, where it appeared that the insurer was not notified of the accident until five months after it occurred and that neither the process in the judgment creditor's action nor any information respecting that action was ever given to the insurer.    [243–244]

Under a motor vehicle liability insurance policy limiting compulsory insurance furnished under "Coverage A" to $5,000 and noncompulsory insurance furnished under "Coverage B" to $5,000 and providing that "The limits of liability applicable to coverage A are included in the limits of liability applicable to coverage B and are not in addition

thereto," the limit of the insurer's liability under both coverages combined was $5,000, not $10,000. [244]

A judgment creditor holding a judgment for personal injuries, in an amount more than $10,000, covered by both of two policies of compulsory motor vehicle liability insurance issued under G. L. c. 90, § 34A, as amended through St. 1949, c. 571, § 1, by different insurers, each policy having the required applicable limit of $5,000 and each providing that if the insured had other valid and collectible insurance against the loss the insurer should not be liable for a greater proportion of the loss than such limit of liability bore to the total applicable limit of liability of all the insurance, was entitled to recover from each insurer one half of the combined compulsory coverage, or $5,000, together with interest and costs. [244]

G. L. c. 90, § 34A, as amended through St. 1949, c. 571, § 1, requiring a limit of liability in a policy of compulsory motor vehicle liability insurance of $5,000 for one person injured in an accident, does not restrict to $5,000 the total liability under compulsory insurance for injuries sustained by one person in an accident if more than one policy of compulsory insurance covers such injuries; and under "other insurance" clauses in such policies each insurer shares proportionately the total loss, so long as it is not required to pay more than its applicable limit of liability. [245]

BILL IN EQUITY, filed in the Superior Court on November 26, 1957.

The suit was heard by *Cahill, J.*

*Thomas B. Shea*, for Allen G. McKay.

*William F. Callahan*, for Aetna Casualty and Surety Company.

*Frederick D. Vincent, Jr.*, for Maryland Casualty Company.

*Arshag A. Mazmanian*, for Francis P. Hunter and another.

SPALDING, J. On August 5, 1955, Allen G. McKay was injured on a public way in this Commonwealth by an automobile operated by Joseph L. Fougere. In an action of tort brought against Fougere, McKay obtained a judgment on which execution has issued in the amount of $15,202.03. This bill was brought by Maryland Casualty Company (Maryland), which concedes liability to McKay under a policy issued by it, to determine whether the judgment is also covered by a policy issued by Aetna Casualty and Surety Company (Aetna) and, if so, the extent that each

insurer is liable. In addition to Maryland and Aetna, McKay, Hunter and Fougere were also parties.[1]

Facts found by the judge, most of which were agreed to by the parties, are these. The automobile involved in the accident was owned by Bernard Bye, who conducted an automobile body business in Waltham. On the day of the accident Fougere, who with his partner Hunter did business in Medford under the name City Hall Texaco, "picked up" Bye's automobile and drove it to his place of business for the purpose of greasing and washing it. Before doing so, he fastened on it repair plates which had been issued to the partnership, and at the time of the accident these were the only plates on the car. Fougere and Hunter were insured at that time under a so called "Massachusetts Garage Liability Policy" issued by Maryland. Bye at that time was also covered by a similar policy issued by Aetna and had been issued repair plates to use in connection with his business. The Maryland policy contained "Coverage A" for $5,000, the compulsory coverage required by G. L. c. 90, § 34A, and "Coverage B" for the same amount. The Aetna policy, in addition to the compulsory "Coverage A," contained "Coverage B" with limits of $10,000 and $20,000 for each accident. "Coverage A" includes insurance of the named insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against liability arising out of the operation of the vehicle upon the ways of the Commonwealth.

The judge ruled that the car involved in the accident was covered by both the Maryland and Aetna policies, but that there was no liability under "Coverage B" (the noncompulsory coverage) of the Aetna policy, and that each insurer was liable for $5,000 under "Coverage A" of its policy together with costs and interest. From a decree declaring the rights of the parties in accordance with this ruling, Maryland, Aetna, and McKay appealed. The evidence is not reported.

[1] There were other parties but they need not concern us; it was adjudicated in the final decree that they were not to be liable with respect to the judgment and none of the appealing parties has challenged this aspect of the decree.

We shall consider at the outset Aetna's contention that the plaintiff's bill fails to plead adequately an existing controversy which would warrant declaratory relief under G. L. c. 231A, and that in any event the evidence fails to establish such a controversy. This contention lacks merit. If, as we do not suggest, there was any defect in the pleading, the point should have been raised by demurrer. See *Brown* v. *Neelon,* 335 Mass. 357, 360–361. This Aetna did not do but raised the point in its answer by denying the allegation that a controversy existed. That presented an issue to be determined at the trial. We are of opinion that there was clearly a controversy within the purview of c. 231A, as the judge found.

Turning to the merits, the principal questions are (1) whether Aetna is a coinsurer with Maryland with respect to Fougere's liability on the judgment obtained by McKay, and (2), if so, the extent that each insurer is liable.

Maryland concedes that it is liable under coverages "A" and "B" of its policy. Aetna's position is that it is not liable under either Coverage "A" or Coverage "B" of its policy. With respect to "Coverage A" Aetna's policy provides, "The unqualified word 'insured' includes the named insured [Bye] and also includes any other person responsible for the operation of the motor vehicle with the express or implied consent of the named insured." There is no doubt that at the time of the accident Fougere was driving Bye's automobile with the latter's express or implied consent. Thus, although not the named insured, he comes within the words "other person" in the above quoted clause. Aetna makes no contention to the contrary. But it does contend that the automobile was not a "motor vehicle . . . [or] automobile" under section IV (c) of its policy, which provides, in part, that "[w]ith respect to the insurance under coverage A . . . the words 'motor vehicle' mean a motor vehicle . . . *under a . . .* dealer's or *repairer's registration*" (emphasis supplied). This language "is to be construed with reference to the statutes with which 'Coverage A' [compulsory coverage] was intended to comply." *Kenner* v. *Century Indem. Co.* 320 Mass. 6, 10–11.

Section 5 of G. L. c. 90, as amended through St. 1952, c. 377, § 1, provides that a repairman, "instead of registering each motor vehicle . . . owned or controlled by him, may make application for a general distinguishing number or mark, and the registrar . . . may issue to the applicant a certificate of registration containing . . . the general distinguishing number or mark assigned to him." Upon the issuance of the certificate all motor vehicles owned or controlled by the repairman "shall be regarded as registered under the general distinguishing number or mark assigned to him . . . *provided, that number plates, furnished as hereinafter provided, are properly displayed thereon*" (emphasis supplied).

General Laws c. 90, § 34C, as amended through St. 1949, c. 571, § 3, provides that any dealer or repairman applying for registration under § 5 may, in lieu of procuring a separate policy (for the compulsory Coverage A insurance) for each vehicle, "furnish a single motor vehicle liability policy . . . covering all motor vehicles owned or controlled by him." Repair plates as provided in § 5 had been issued to the defendant Bye, and Aetna issued to him a blanket policy as provided in § 34C. But Aetna argues that the automobile involved in the accident was not covered by the blanket policy because, at the time of the accident, Bye's repair plates were not "displayed thereon" as provided in § 5.

We are of opinion that, in view of our holding in *Kenner v. Century Indem. Co.* 320 Mass. 6, this contention must fail. In that case Mailloux, the servant of Robinson, a repairman, was road testing an automobile owned by Dineen, when he negligently injured the plaintiff. At the time of the injury the only plates on the car were those of Dineen. Both Dineen and Robinson carried the compulsory Coverage "A" insurance, and Robinson had motor vehicle registration under the omnibus registration provisions of G. L. c. 90, § 5. Robinson's insurer argued that its policy did not cover Dineen's vehicle because Robinson's repairer plates were not affixed thereto. The court said at pages 11–12: "We think that the words . . . [of Robinson's pol-

icy] defining 'motor vehicle' in 'Coverage A' as a 'motor vehicle . . . under a . . . dealer's or repairer's registration . . .' mean a motor vehicle which the dealer or repairer may by attaching his plates lawfully use on the public ways by virtue of his blanket registration under c. 90, § 5, whether or not his plates are actually upon it at the moment of any particular accident. We think that the proviso in § 5, 'provided, that number plates furnished as hereinafter provided are properly displayed thereon,' means only that for the purpose of lawful operation upon public ways vehicles of a dealer or repair man are regarded as registered under the blanket registration of § 5 only when bearing the appropriate plates, and that the proviso is not to be construed as limiting the insurance coverage which by § 34C, originally enacted long after the original enactment of § 5, the dealer or repair man is required to furnish." This is decisive of Aetna's contention.

While, in view of the *Kenner* case, Aetna is liable under Coverage "A," we are of opinion that it is not liable under Coverage "B," which is voluntary or optional insurance. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 435–436. "Condition" 4 of the Aetna policy requires that, when an accident occurs, written notice of the particulars of the accident must be given to the company "as soon as practicable" by or on behalf of the insured. "Condition" 5 requires the insured, if claim is made or suit is brought against him, to "immediately forward to the company every demand, notice, summons or other process received by him or his representative." Whether or not these conditions were satisfied was a question of fact. *Sheehan* v. *Aetna Life Ins. Co.* 296 Mass. 535, 540–541. *Segal* v. *Aetna Cas. & Sur. Co.* 337 Mass. 185, 188. The judge found that neither Fougere nor anyone acting for him complied with the above conditions; he likewise found that there was no compliance with these conditions on the part of Bye. The accident occurred in August of 1955. So far as appears, Aetna did not receive notice of the accident until January of 1956 when Bye gave a statement to Aetna's claim agent. Neither the

process nor any information with respect to it in the action commenced against Fougere was ever given to Aetna. We are of opinion that on these facts the judge was justified in concluding that Fougere had failed to comply with ''Conditions'' 4 and 5 in the Aetna policy, and that such failure provided Aetna with a defence against liability under Coverage ''B.'' *Potter* v. *Great Am. Indem. Co.* 316 Mass. 155, 157. *O'Kane* v. *Travelers Ins. Co.* 337 Mass. 182.

While, as we have said, Maryland admits it is liable under coverages ''A'' and ''B,'' a dispute has arisen as to whether the limit of its liability is $10,000 (the sum of the limit of ''A'' and the limit of ''B'') or $5,000. The Maryland policy provides under ''Coverage B'' that ''The limits of liability applicable to coverage A are included in the limits of liability applicable to coverage B and are not in addition thereto.'' It is clear from this language that ''Coverage B'' furnishes no additional coverage to that provided by ''A,'' both coverages being for the same amount, $5,000.

Having determined that Maryland and Aetna are coinsurers of Fougere and that the limit of liability for each is $5,000, we now consider the extent of the actual liability of each of the insurers. Both policies contain ''Other Insurance'' clauses, which provide: ''If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss.'' Section 5 under ''Coverage A'' in both policies makes this formula ''applicable to . . . coverage [A] . . . in the event that other insurance referred to therein is carried in a company authorized to transact insurance in . . . Massachusetts.'' Both Aetna and Maryland are authorized to transact insurance in Massachusetts, and so far as appears the insurance under both policies is collectible. According to the above formula, each insurer, as the trial judge ruled, is liable for one half of the combined ''A'' coverage or $5,000 together with costs and interest.[1]  *Shehee* v. *Aetna Cas. &*

---

[1] As to interest see *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 437–438.

*Sur. Co.* 122 F. Supp. 1, 9 (W. D. La.).  *Celina Mut. Cas. Co.* v. *Citizens Cas. Co.* 194 Md. 236.  *Vrabel* v. *Scholler,* 369 Pa. 235, 242–244.  *Vrabel* v. *Scholler,* 372 Pa. 578, 581–583.  *Clow* v. *National Indem. Co.* 54 Wash. 2d 198, 206. See *Beattie* v. *American Auto. Ins. Co.* 338 Mass. 526, 530, *Maryland Cas. Co.* v. *Employers Mut. Liab. Ins. Co.* 112 F. Supp. 272 (D. Conn.).  See also *Dekat* v. *American Auto. Fire Ins. Co.* 146 Kans. 955, 959–961; Appleman, Insurance Law & Practice, § 3905; 7 Couch, Cyclopedia of Insurance Law (1930) § 1847.

Maryland, however, contends that each insurer is only liable for $2,500.  It argues that "Coverage A" is the creature of G. L. c. 90, § 34A, which requires a limit of liability for each person injured of $5,000, no more and no less. Thus the total liability under "Coverage A" cannot exceed $5,000 for each person, no matter how many policies provide "Coverage A" insurance for the insured; and therefore, where, as here, there is double compulsory coverage, each insurer should be liable for one half of $5,000.

But as we have indicated above, both policies make applicable to "Coverage A" the "other insurance" formula which results in each company being liable for $5,000. There is nothing in either policy that makes that formula inoperative when the "other insurance" is "Coverage A" insurance.  The form of the "other insurance" formula is not prescribed by G. L. c. 175, § 113A (as amended through St. 1955, c. 283, § 2), or c. 90, § 34A (as amended through St. 1949, c. 571, § 1).  Cf. *MacBey* v. *Hartford Acc. & Indem. Co.* 292 Mass. 105, 108.  And no statutory policy appears to prevent its use.  Its words do not limit to $5,000 the aggregate liability of the insurers furnishing Coverage A.  We interpret them to mean that each such insurer is to share proportionately the total loss, so long as it is not required to pay more than its applicable limit of liability.  Our conclusion is in accord with decisions reached by other courts in dealing with more than one policy under required statutory coverage.  See *Dekat* v. *American Auto. Fire Ins. Co.* 146 Kans. 955, 959–961; *Vrabel* v. *Scholler,* 369 Pa. 235, 242–244; *Vrabel* v. *Scholler,* 372 Pa. 578, 581–583.

The final decree is affirmed. The defendants Fougere and Hunter are to recover a single bill of costs in this court against Maryland, Aetna and McKay.

*So ordered.*