EDWIN A. CULKIN, JUNIOR *vs.* JOHN COSMAN & others.

Suffolk.    March 6, 1961. — June 26, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Insurance,* Motor vehicle liability insurance, What insurer liable.  *Equity Jurisdiction,* Motor vehicle liability insurance.

Where a company operating a public garage, including storage of automobiles, and an automobile sales agency, and holding a dealer's registration under G. L. c. 90, § 5, permitting it to operate motor vehicles controlled by it on the public ways, obtained a policy of compulsory motor vehicle liability insurance obligating the insurer to pay for injuries caused by the "operation . . . control or use" of any motor vehicle "under" its dealer's registration, the policy covered an automobile displaying only its owner's plates while it was being operated on a public way by an employee of the company delivering it to its owner's residence after storage in the garage.  [90–91]

In a suit in equity against two insurers to reach and apply their respective obligations under two policies of compulsory motor vehicle liability in-

surance to the satisfaction of a judgment obtained by the plaintiff for personal injuries resulting from the operation of a motor vehicle, where it appeared that the injuries were covered by both policies but one insurer contended that ultimately, under the terms of its policy and on the facts, it would not be responsible and the other insurer would be solely liable, this court in the circumstances declined to determine the "ultimate liability" as between the insurers or to delay the plaintiff's recovery for further hearing on that issue and ordered a decree requiring the insurers to satisfy the plaintiff's judgment. [91–92]

BILL IN EQUITY, filed in the Superior Court on March 9, 1959.

The suit was reported by *Coddaire,* J., without decision, upon a statement of agreed facts.

*Samuel P. Sears,* for the defendant Great American Indemnity Company.

*Andrew B. Goodspeed,* for the defendant Aetna Casualty and Surety Company.

*Thomas B. Shea,* for the plaintiff.

WILLIAMS, J. This is an equity suit under G. L. c. 214, § 3 (10), and c. 175, § 113, to reach and apply the respective obligations of two insurance companies, Great American Indemnity Company (American) and Aetna Casualty and Surety Company (Aetna), to satisfy a judgment obtained by the plaintiff against one John Cosman in the amount of $3,500. The case is reported without decision on a statement of agreed facts.

Cosman was employed as a floorman by Charles Street Garage Company, a Massachusetts corporation, which conducted a public garage and automobile sales agency on Charles Street in Boston. It stored automobiles and delivered them to storers, for which service it charged and was paid compensation. On November 1, 1952, Cosman was engaged in delivering the stored automobile of William L. Garrison, Junior, and Edith S. Garrison, which was duly registered to them, to their residence on Beacon Street. The registration plates on the car were those issued to the Garrisons. While "en route" the car struck and injured the plaintiff on Mount Vernon Street, a public way. The plaintiff recovered judgment against Cosman for personal injuries on January 4, 1956.

The garage company had a policy of liability insurance issued by American, a copy of which is appended to the statement of agreed facts, and the Garrisons one issued by Aetna, a copy of which is annexed to the plaintiff's bill. Demand was made on each insurance company for payment of the judgment on January 18, 1956, but it remains wholly unsatisfied. The companies "deny their policies extended coverage to the judgment, and each asserts the other insurer is responsible for [its] satisfaction." Neither denies that Cosman was operating the car with the express or implied consent of its named insured.

The garage company possessed dealer's plates issued by the registry of motor vehicles but they were not upon the car. Appended to the statement of agreed facts is a copy of the garage company's application for dealer's registration with a request that it be furnished with ten pairs of plates, and a copy of American's certificate for purposes of registration that it had provided the required insurance.

American contends that the car driven by Cosman was not insured by it against liability under coverage A, the clause of its policy which provides for compulsory insurance. It concedes that its policy covers liability arising from the garage company's operation of its sales agency, but maintains that the coverage does not extend to liability arising from that part of its business concerned with storage.

Under coverage A American was obligated to pay for injuries "caused by the ownership, operation, maintenance, control or use of the motor vehicle," defined by division IV (c) of the policy as a "motor vehicle, trailer or semitrailer of any type under a manufacturer's, dealer's or repairer's registration or other registration of the named insured." Its registration as a dealer permitted the garage company to operate on a public way a motor vehicle which it owned or controlled. G. L. c. 90, § 5. Plainly the car driven by its employee Cosman was within its control. It was under the garage company's blanket registration as a dealer although at the time of the accident the dealer's plates were

not actually attached to it. *Kenner* v. *Century Indem. Co.* 320 Mass. 6, 11–12. *Maryland Cas. Co.* v. *Hunter,* 341 Mass. 238. In the certificate which it provided to enable the insured to obtain its dealer's registration, American attested that it had issued a policy of liability insurance covering the motor vehicles described in the garage company's application. Its contractual obligation is defined by the certificate and by the policy which it issued. *Leonardo* v. *DeVellis,* 292 Mass. 239, 245. No condition respecting the purpose for which the registered motor vehicles were to be used was imposed by c. 90, § 5, or by the terms of the liability policy. We think that the insurance afforded by coverage A was not affected by the fact that the car was being operated by the dealer in connection with the storage branch of its business. American is obligated under coverage A to satisfy the plaintiff's judgment.

Aetna, the other insurer, admits that Cosman was covered under coverage A, a compulsory insurance clause of its policy like that in American's policy, but contends that American alone is bound to pay the judgment and requests that the respective obligations of the two insurance companies be adjusted in this suit. It points out that clause (2) of coverage A of its policy provides: "The terms of this policy shall remain in full force and effect, however, as binding between the insured and the company, and the insured agrees to reimburse the company for any payment . . . the company would not have been obligated to make if the terms of this policy applicable to coverage B were also applicable to this coverage," and that in division III it is provided "The insurance with respect to any person or organization other than the named insured does not apply: (a) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof . . . ." It argues that, if the terms of coverage B were applicable to coverage A, Aetna would not be obligated to pay the plaintiff's judgment since the accident

arose out of the operation of the insured car by an employee of a public garage and sales agency, and that because of the provision for reimbursement by the insured the company will not ultimately be responsible for the plaintiff's judgment and should not now be required to pay the same.

Aetna's contention is presented by a short statement in its brief "that, since everybody interested, including the insurance companies and their unnamed insured, John Cosman, the judgment debtor, are parties to this suit, equity should adjudge ultimate liability now. *O'Brien v. Ready,* 331 Mass. 204, at 209, 210." The adjudication of what Aetna terms ultimate liability involves a determination of Cosman's contingent liability to Aetna under the above reimbursement clause and American's obligation to Cosman. Whether an unnamed insured is obligated to reimburse an insurance company under such a clause has not been decided. Compare *Service Mut. Liab. Ins. Co.* v. *Aronofsky,* 308 Mass. 249, 253–254; *O'Brien* v. *Ready,* 331 Mass. 204, 209–210. See Report of Massachusetts Attorney General, September 23, 1941, Pub. Doc. No. 12, p. 112. Neither Aetna nor American has argued the point. Cosman appears as a party only by the written assent to the statement of agreed facts by "Attorney for the defendants, Great American Indemnity Company and John Cosman." Cosman has filed no brief. In view of the nature of the issues involved and their inadequate presentation, we are unwilling to accede to the request of Aetna. The rights of the plaintiff are not involved and he should not be delayed in his recovery by an order for further hearing.

Let a final decree be entered establishing the obligation of each insurance company to satisfy the plaintiff's judgment and ordering them jointly or severally to pay the same; the plaintiff to be entitled to but one satisfaction and one bill of costs.

*So ordered.*