Hopkins, Merita A., J.
This action arises from the emission of smoke and soot (the “puffback”) from plaintiff Deborah Campana’s (the “plaintiff’) home furnace, and subsequent injuries to the plaintiffs lungs. Plaintiff has filed in this court a complaint, which provides the following claims against defendant Prudential Property and Casualty Company (“Prudential”): breach of contract (Count Four) and negligence (Count Five). The complaint also provides claims of breach of contract, breach of warranty, and negligence against defendant Northboro Oil Company (Counts One through Three).
Prudential has moved this court to enter summary judgment as to Counts Four and Five. The plaintiff and Northboro Oil Company oppose this motion. For the following reasons, Prudential’s motion for summary judgment is DENIED in part and ALLOWED in part. As to Count Four, the motion is DENIED. As to Count Five, the motion is ALLOWED as to the claim that Prudential’s requirement that the plaintiff keep soot-damaged items that caused her injury (paragraph 44 of the Complaint), otherwise the motion is DENIED.
The parties do not dispute the following background facts.
On January 4,2001, the plaintiff heard a loud bang from her furnace. She discovered that the furnace had emitted soot. Plaintiff contacted her insurer, Prudential, concerning coverage for her property damaged by the puffback. Paul Schwalbe (“Schwalbe”), a claims representative from Prudential, handled the plaintiffs claim.
1) Schwalbe’s Advice
The plaintiff claims that she asked Schwalbe if she should be in her home during the cleanup. Schwalbe advised the plaintiff that it was not necessary to leave her home.
The plaintiff never told Schwalbe that she wanted to leave her home pursuant to the portion of her policy affording coverage for substitute housing. However, from the time of the puffback until the plaintiff left her home on February 10, plaintiff was relying on Schwalbe for his guidance and expertise. The plaintiff assumed that Schwalbe would let her know what to do in connection with any safety or health concerns.
Plaintiff now believes that she should have been pushing Schwalbe to get her out of the house. She has testified that she knows that Schwalbe is not a physician, and that, in retrospect, she should not have relied on him.
Dr. David Christiani, the plaintiffs expert, has testified, by affidavit, that the plaintiffs exposure to soot caused the development of her pulmonary disease.
2) Soot Damaged Items
Paragraph 44 of the complaint (Count Five) provides:
As a direct and proximate result of Prudential’s negligence in requiring Campana to retain soot damaged building materials, furnishings and per *511 sonal items until resolution other claim, Campana sustained permanent irreversible damage to her respiratory system, incurred substantial medical expenses, will incur substantial future medical expenses, suffered and continues to suffer impaired capacity, [and] suffered and continues to suffer substantial distress.
Plaintiff kept the required soot damaged items in the garage. The plaintiffs deposition testimony provides that no doctor has told the plaintiff that exposure to items in her garage caused her present medical condition.[2]
The plaintiff submits to this court a letter from Dr. Richard Riese, the plaintiffs treating physician, to Prudential, dated July 26, 2001. That letter provides, in relevant part:
As part of the medical plan, I strongly urge her to get rid of the carpet in her bedroom that she believes continues to harbor soot residue as well as the insulation in her basement... Environmental control of airway irritants may play an important role in control of Ms. Campana’s reversible airway obstruction.

DISCUSSION

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party must affirmatively demonstrate that there is no genuine issue of material fact on each relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A “material” fact is one that might affect the outcome of the suit under the applicable law. Mulvihill v. The Top-Flight Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). “Genuine” means that the evidence would permit a reasonable fact finder to resolve the point in favor of the nonmovant. Id.
If the moving party does not bear the burden of proof at trial, it must either: 1) submit affirmative evidence negating an essential element of the non-moving parly’s claim; or 2) demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourovacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The non-moving party may not defeat the motion for summary judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e). The court will interpret all inferences in the light most favorable to the non-moving parly. Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 438 (1995).

I. Count Four: Breach of Contract

Count Four provides a claim that Prudential breached its insurance contract with the plaintiff.
The plaintiffs deposition testimony provides that she never told Schwalbe that she wanted to leave her home pursuant to the portion of her policy affording coverage for substitute housing. However, the plaintiff’s deposition testimony also provides that she talked to Schwalbe regarding whether she should consider temporarily moving out of her home. This evidence gives rise to a genuine issue of material fact, precluding summary judgment. See Maryland Casualty Co. v. Hunter, 341 Mass. 238, 243 (1960) (question of fact whether insured gave proper notice of claim to insurer).

II. Count Five: Negligence

Count Five provides a claim that Prudential assumed a .duty to provide the plaintiff with accurate information concerning her safety. Count Five then provides two distinct claims of negligence: 1) Prudential negligently failed to warn the plaintiff of the health risk associated with remaining in her home (Compl. par. 43 at 6); and, 2) Prudential negligently required the plaintiff to retain soot-damaged items until resolution of her claim (Compl. par. 44 at 6).
1) Schwalbe’s Advice
Prudential has failed to submit to this court affirmative evidence negating the plaintiffs claim that Prudential assumed a duly to provide the plaintiff with accurate information regarding her safety. Prudential directs this court to the plaintiffs deposition testimony, which provides that she knows that Schwalbe is not a physician, and that, in retrospect, she should not have relied on him. This evidence does not warrant summary judgment. See Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 430 (1995) (holding summary judgment not appropriate where factual dispute whether defendant voluntarily assumed duty to plaintiff).
Also, the plaintiffs evidence causally linking Schwalbe’s advice to the plaintiffs injuries precludes summary judgment. The plaintiff has submitted to this court the affidavit of Dr. David Christiani, which provides, in relevant part, that the plaintiffs exposure to soot contributed causally to the development of her pulmonary disease.
2) Soot Damaged Items
Prudential has demonstrated that the plaintiffs evidence is insufficient to establish that Prudential’s requirement — that the plaintiff retain soot damaged items until resolution of her claim — caused injury to her respiratory system. The plaintiff does not dispute that she kept those items in her garage; and, the plaintiffs deposition testimony provides that no doctor has told her that exposure to items in her garage caused her present medical condition.
The plaintiff has failed to set forth specific facts showing a genuine issue for trial. She has submitted a letter signed by her treating physician, which, read in the light most favorable to the plaintiff, provides *512 that exposure to the soot damaged carpet in the plaintiffs bedroom caused her present medical condition. Given that plaintiff has admitted that she stored the required items in her garage, that letter would not permit a reasonable fact finder to find that the plaintiffs injury was a direct and proximate result of Prudential’s aforementioned requirement. The plaintiff has failed to submit any evidence showing that the soot damaged carpet was among the items that Prudential required that she retain.
Prudential is entitled to summary judgment as to Count Five as to the claim that Prudential’s requirement caused injury to the plaintiffs respiratory system (Compl. par. 44 at 6) because: Prudential has submitted affirmative evidence negating an essential element of that claim for negligence; and, the plaintiff has failed to set forth specific facts showing a genuine issue for trial. Kourovacilis, 410 Mass. at 711.

ORDER

For the foregoing reasons, after careful consideration of the parties’ written submissions and oral arguments, defendant Prudential’s motion for summary judgment is DENIED in part and ALLOWED in part. As to Count Four, the motion is DENIED. As to Count Five, the motion is ALLOWED as to the claim that Prudential’s requirement that the plaintiff keep soot damaged items caused her injury (paragraph 44 of the Complaint), otherwise the motion is DENIED.

Pages 276 through 278 of the plaintiffs deposition testimony provide, in relevant part:
Q. Well, have any of your doctors told you that your current medical condition was in any way caused by you being exposed to items that you had to keep in your garage following the puffback event?
A. No. No one has said that, but I never mentioned that to any one.
Q ... No doctor has told you that your physical condition resulted from you being exposed to items that you kept in your garage?
A. That’s correct.
Q. And I think you qualified that by saying you never told them about that?
A. I don’t think so.
Q. Is it the case you never told Dr. Iacobo or any other of your medical providers that you were holding on to items that were damaged as a result of the puffback in your garage?
A. Yes. That’s correct.