## SNYDER v. LE ROY DYAL CO., Inc. (ROBINSKY et al., Third Party Defendants).

District Court, S. D. New York.

June 12, 1940.

George B. Warburton, of New York City, for plaintiff.

Wilbur H. Hecht, of New York City (William Weymar, Jr., of New York City, of counsel), for defendant and third party plaintiff.

Dulon & Roe, of New York City, for third party defendants.

CLANCY, District Judge.

This motion, so far as it asks that the first and third defenses in the answer of the third party defendants be stricken out, is granted on the consent of the attorneys for the third party defendant stated on the argument of this motion.

In so far as the motion seeks the dismissal of the second separate defense for its failure to recite the order authorizing the service of the third party plaintiff's complaint, it is granted. The authority for the service of the cross claim appears in · the filed order of a Judge of this Court. A recitation of this order is not required by Rule 9(c), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c. The conditions precedent, referred to in that rule, are the conditions going to create liability or those which construct a legal capacity to sue and do not include any duty to state that procedural requirements have been fulfilled.

The motion further asks that the fourth defense be stricken. That defense alleges that the contract alleged in the third party complaint is unlike the contract in the plaintiff's complaint; that the third party defendant and the plaintiff had no transaction between them and no relations arising directly or indirectly out of that contract; and that the third party defendant cannot be liable to the plaintiff for all or any part of the plaintiff's claim against the defendant and third party plaintiff. This part of the third party plaintiff's motion is granted. It does not appear from the third party plaintiff's complaint that the third party defendants are liable for any part of the loss of which the plaintiff complains. The authorities cited by the third party plaintiff do not sustain its position. In Morrell v. United Air Lines Transport Corp., D.C., 29 F.Supp. 757, the third party plaintiff may have intended to assert a liability upon the third party defendant to the plaintiff under the doctrine of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, Ann.Cas.1915C, 440, L.R.A.1916F, 696. In Kravas et al. v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66, there was stated in the third party plaintiff's complaint a primary and secondary liability for the plaintiff's loss attributable to the third party defendant.

Settle order accordingly.