UNITED STATES of America, Plaintiff,

v.

Maria E. VILLANUEVA, Defendant.

No. C-77-348.

United States District Court,
E. D. Washington.

March 21, 1978.

18

James J. Gillespie, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Spokane, Wash., for plaintiff.

Michael J. Fox, Fred A. Horning and Stephen R. Sady, of Evergreen Legal Services, Sunnyside, Wash., for defendant.

## ORDER

NEILL, Chief Judge.

This is an action by the United States to foreclose a Farm Home Administration (FmHA) loan. Defendant raises as a defense FmHA's failure to comply with the provisions of 7 C.F.R. § 1361.10, which implements 42 U.S.C. § 1475. These regulations provide, among other things, that FmHA must notify delinquent borrowers that moratorium relief is available. Under the moratorium provisions, eligible borrowers are granted relief from making loan payments during a period of special financial hardship. The regulations also provide that a denial of relief must follow specified procedures and that the borrower has certain appeal rights.

Plaintiff, United States, disputes the applicability of these provisions to defendant's loan on several grounds. First, that the defense of non-notification of moratorium procedures was rejected in a previous foreclosure action against the defendant. *United States v. Villanueva*, Case No. C–74–307 (order of Judge William Goodwin dated June 23, 1975). Second, that the earlier foreclosure action was dismissed pursuant to stipulation upon payment of arrears, and the FmHA then notified defendant that the FmHA would foreclose rather than permit reinstatement if the account were again to become delinquent. Third, that the defendant probably is not eligible for moratorium relief because of her repayment record and failure to pay certain real estate taxes. Finally, the government argues that the regulations do not apply to the loan because they became effective on October 13, 1977, and the acceleration of the Villanueva loan occurred several months before.

The Court holds that the regulations apply to defendant's loan. Judge Goodwin's 1975 order does not foreclose the defendants from raising this defense, both because the due process argument was not briefed before Judge Goodwin and because the regulations relied upon by defendant did not exist at that time. Further, FmHA's 1975 warning that it did not intend to permit a settlement of a future delinquency does not abrogate the borrower's right, under the statute and regulations, to notice of moratorium relief availability, to receive relief if eligible, and to appeal an adverse decision. The government's argument that defendant is not going to be found eligible for moratorium relief is irrel-

evant. This is a factual determination which should be made first by the agency under the regulations. *See also, Ricker v. United States*, 417 F.Supp. 133, 139 (N.D. Maine 1977), and cases cited. Finally, the Court holds that the regulations do govern the procedures that the FmHA must follow prior to foreclosure in this action even though acceleration occurred prior to promulgation of the regulations. *See Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 281–283, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969).

However, Summary Judgment is not appropriate at this time. Instead, the Court orders that all proceedings in this action shall be stayed pending plaintiff's compliance with the notice, hearing, and appeal procedures provided for in the cited regulations.

IT IS SO ORDERED.