UNITED STATES of America, Plaintiff,

v.

Rojelio E. RODRIGUEZ and Adela H. Rodriguez, husband and wife, and Secretary, Washington Department of Social and Health Services, Defendants.

No. C–77–11.

United States District Court,
E. D. Washington.

April 6, 1978.

James J. Gillespie, U. S. Atty., Spokane, Wash., for plaintiff.

Gary B. Wiggs, of Evergreen Legal Services, Yakima, Wash., for defendants.

## ORDER

NEILL, Chief Judge.

Plaintiff seeks summary judgment on this Farm Home Administration (FmHA) mortgage foreclosure action. Defendant mortgagors resist foreclosure, alleging plaintiff's noncompliance with 42 U.S.C. § 1475 and 7 C.F.R. 1361.10 permitting moratorium relief to financially pressed borrowers. Congressional policy as to moratorium on federally assisted farm housing loans is set forth in 42 U.S.C. § 1475. The statute also directs the Secretary to promulgate regulations for the exercise of the power. Pursuant thereto the Secretary adopted regulations which now appear at 7 C.F.R. 1861.10. Included in this regulation is a provision for notice to borrowers of the availability of moratorium relief.[1]

Plaintiff asserts that publication of the regulation in the Federal Register serves as notice to defendants; that the loan was in default and acceleration occurred prior to the date of the adoption of the regulation; and, consequently, no formal notice to defendants was required. Such argument overlooks the express proviso of the statute and regulations.

By terms of the statute, 42 U.S.C. § 1475, moratorium is available "During any time that any such loan is outstanding". The fact of acceleration after default does not take this loan out from under the protection Congress obviously intended by the enactment. It is true that the statute does not mandate notice of the availability of moratorium to individual borrowers. However, by the express terms of the regulation the County Supervisor is mandated to "advise borrowers in writing of the possible availability of a moratorium". No such notice has been given defendants. Plaintiff has failed to comply with its own regulations.

Defendants assert other defenses which the Court feels are foreclosed by *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Plaintiff is not entitled to foreclose its mortgage without first complying with the provisions of 7 C.F.R. 1361.10.

Plaintiff's Motion for Summary Judgment is DENIED.

---

1. 7 C.F.R. 1861.10(b)(1)(ii) provides "applicants and borrowers will be advised of the moratorium provisions as follows: . . . (ii) The County Supervisor will advise borrowers in writing of the possible availability of a moratorium when any of the following conditions exist: . . . (B) the borrower fails to make payments as agreed . . . .."