OPINION OF THE COURT
Eli Wager, J.
The issue on this motion is the permissible scope of discovery in an automobile negligence action where the driver and the owner are sought to be held on separate theories of liability and where punitive damages are claimed against each. The injured plaintiff moves to compel the defendant owner of the vehicle involved in the accident, Joseph Guerrero *531 ("Joseph”) to submit to an examination before trial, to compel the defendant driver, Michael J. Guerrero ("Michael”) to appear for a continuation of his examination before trial and to direct both defendants to respond to questions relating, inter alla, to Michael’s allegedly criminal driving history.
The claim for punitive damages against Michael is predicated on the allegation that he evidenced a "high degree of moral turpitude” as evidenced by the facts that (1) in 1975 he was twice charged with unauthorized use of a motor vehicle and pleaded guilty to disorderly conduct and was on another occasion charged with driving while intoxicated; (2) in 1978 his license was suspended for failing to answer a summons and he subsequently obtained a temporary driving license based upon an application which stated that his license had not been suspended and that he had never been convicted of a crime, offense or traffic infraction; and (3) at the time of the accident he was not only driving with the "fraudulently” obtained license but was also driving while intoxicated and pleaded guilty to driving while impaired. The cause of action against Michael’s father, the defendant Joseph, is predicated not only on ownership and permission (Vehicle and Traffic Law, § 388) but also on the allegation that he assisted Michael in obtaining the "fraudulent” license and that he made his automobile available to Michael knowing that Michael was a "menace to society”. The claim for punitive damages against Joseph is based on the latter allegations. Thus, plaintiff seeks to depose Michael with respect to past events as well as with respect to his activities on the night of the accident and he seeks to depose Joseph with respect to his knowledge of these events.
An examination of Michael commenced on August 15, 1979 was interrupted at various points by his attorney’s objections to the line of questioning and by a ruling by Mr. Justice Pittonx of this court which was sought when the defense objected to this question:
"Was your license ever suspended before the suspension resulting from the accident?”
Justice Pittonx ruled as follows:
"the court: The issue in the case at the present time is whether he was a careful driver at the time of the occurrence, whether he had a license or not, that’s the law; and the issue whether his license was revoked is not an issue. It’s a prejudicial question.
*532 [Discussion off the record.]
"the court: Objection sustained.
"You’re going so far afield — at the trial if you raise an issue like that, it might cause a mistrial.
"Punitive damage is based on what that man did on that particular day, which requires punishment on that particular day. It has nothing to do what he did to the Plaintiff.”
The examination ended when plaintiff’s attorney, after more objections, stated that he was seeking an adjournment for the purpose of making a "formal application to the Court”.
Justice Pittoni’s ruling is law of the case with respect to the case against Michael (George W. Collins, Inc. v Olsker-McLain Inds., 22 AD2d 485) and thus Michael may not be questioned about his "criminal history” as requested in paragraph 1 of plaintiff’s moving affidavit or with respect to the issue of his license as requested in paragraphs 2, 3 and 4. However, inquiry may be made concerning Michael’s activities on the day of the accident as requested in paragraph 5. Such matters — particularly testimony relating to his consumption of alcohol — may be relevant not only on the issue of negligence generally but on the issue of punitive damages as well (see Colligan v Fera, 76 Misc 2d 22; Ann. 65 ALR3d 656; see, generally, Le Mistral Inc. v Columbia Broadcasting System, 61 AD2d 491).
It appears that no ruling was sought or made with respect to the relevancy of the line of questioning to the case against Joseph and both parties seek such a ruling in advance of the deposition of him. The case against Joseph alleged in the second cause of action in the complaint is not simply one of vicarious liability under section 388 of the Vehicle and Traffic Law. Nor is it a cause of action for punitive damages as plaintiff urges. A claim for punitive damages is simply an element of the single total claim for damages on the underlying cause of action (Bunker v Bunker, 73 AD2d 530). Instead the complaint alleges independent acts of negligence on Joseph’s part, i.e., that Joseph negligently entrusted the automobile over which he had control to Michael knowing Michael’s history. At common law the owner of a motor vehicle who lends the vehicle to an incompetent or unfit person knowing, or from the circumstances, being charged with knowledge that such driver is incompetent or unfit to drive, may be held liable for an injury negligently inflicted by the use made *533 thereof by that driver (Ann. 168 ALR 1364; see, e.g., Hogan v Comae Sales, 245 App Div 216, affd 271 NY 562; Schultz v Morrison, 91 Misc 248, affd 172 App Div 940; Golembe v Blumberg, 262 App Div 759; see, also, Faller v A. Drive Auto Leasing System, 47 AD2d 530). This common-law cause of action has survived enactment of section 388 of the Vehicle and Traffic Law (Rice v Spencer, 43 Misc 2d 331), although the paucity of recent cases is attributable to the fact that the statute creates automatic liability (Bennett v Geblein, 71 AD2d 96). Whether the allegations in the instant complaint establish the driver’s incompetency or unfitness as a matter of law is not the issue on this motion. It need only be noted that to state a cause of action for negligent entrustment, the complaint must allege that the defendant had control over the vehicle and was negligent in entrusting it to one he knew or in the exercise of ordinary care should have known was incompetent to operate it (Bennett v Geblein, 71 AD2d 96, 99, supra) and that punitive damages are available in such an action (Eifert v Bush, 51 Misc 2d 248).
Whether plaintiff can prove negligent entrustment and whether the evidence will be sufficient to go to the jury oh the issue of punitive damages (see Goff v Lubbock Bldg. Prods., 267 SW2d 201 [Tex]) depends upon what is shown on the issue of Michael’s unfitness to drive and the extent of Joseph’s knowledge thereof. At this stage of the proceedings these issues cannot be deemed irrelevant and thus plaintiff is entitled to depose Joseph with respect to his knowledge of the issues detailed in the moving affidavit and when he acquired his knowledge. Since the issues relating to the status of Michael’s license are matters of public record, and thus available on subpoena, it does not appear that an examination of Michael on those matters is necessary.
The plaintiff’s additional request for a full trial rather than a bifurcated one is denied as premature.