UNITED STATES of America, Plaintiff,

v.

John T. TRIMBLE and Pauline Trimble, his wife, Defendants.

No. 79–8320–Civ–JCP.

United States District Court,
S. D. Florida.

April 8, 1980.

Ana Barnett, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Donald E. Mason, Belle Glade, Fla., Florida Rural Legal Services, for defendants.

## ORDER

PAINE, District Judge.

This cause is before the Court on defendant Pauline Trimble's Motion to Dismiss and plaintiff's Motion for Judgment of Foreclosure. The plaintiff seeks to foreclose defendants' mortgage for their failure to make payments on a Farm Home Administration loan made pursuant to 42 U.S.C. § 1472.

Defendant Pauline Trimble moves to dismiss the complaint on the grounds that the plaintiff has failed to comply or allege compliance with 7 C.F.R. § 1861.10. That regulation states in subsection (b) that borrowers under this type of loan shall be advised of the moratorium provisions authorized by 42 U.S.C. § 1475.

The question of whether plaintiff has complied with that regulation is an issue of fact and inappropriate for resolution on a motion to dismiss. However, the issue of the proper allegation of that compliance is properly before the Court.

Rule 9(c) states in part:

In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.

This rule pertains to the pleading of conditions precedent to liability, *Equal Employment Opportunity Commission v. Griffin Wheel Co.*, 360 F.Supp. 424 (N.D.Ala., 1973), but does not relate to mere procedural requirements, see *Snyder v. LeRoy Dyal Co., Inc.*, 1 F.R.D. 362 (S.D.N.Y., 1940).

Defendant argues that the plaintiff should be required to plead compliance with 7 C.F.R. § 1861.10 as a condition precedent. Plaintiff argues that the complaint satisfies the requirements of "notice pleading" and is therefore sufficient to withstand a motion to dismiss. Implicit in plaintiff's argument is the assumption that compliance with 7 C.F.R. § 1861.10 is merely a procedural requirement not subject to the provisions of Rule 9(c). However, the failure of the government to comply with that regulation is a valid defense to a mortgage foreclosure action based on a Farm Home Administration loan, *United States v. Villanueva*, 453 F.Supp. 17 (E.D.Wash.1978), *United States v. Rodriquez*, 453 F.Supp. 21

(E.D.Wash.1978); see also *United States v. Howard*, No. 78–8318–Civ–CF (S.D.Fla., filed August 14, 1979). Therefore, such compliance is not merely a procedural requirement, but is a condition precedent to liability. Plaintiff has not alleged compliance with 7 C.F.R. 1861.10 nor has it alleged generally the performance or occurrence of any conditions precedent. Thus the complaint does not satisfy the requirements of Rule 9(c).

Accordingly, it is

ORDERED and ADJUDGED that plaintiff's Motion for Judgment of Foreclosure is denied.

Furthermore, it is

ORDERED and ADJUDGED that defendant Pauline Trimble's Motion to Dismiss is granted; this cause is dismissed without prejudice.