THOMAS BROS, INC v SECRETARY OF STATE (AFTER REMAND)

Docket No. 51060. Submitted April 8, 1981, at Lansing.—Decided July 23, 1981. Leave to appeal applied for.

Defendants, Secretary of State and Director of the Bureau of Automotive Regulation, appeal from a modified judgment requiring them to pay attorney fees to plaintiffs' attorneys. Plaintiffs are Thomas Bros, Inc., Leonard V. Sweet, doing business as Sweet's Garage, and Russ Zuker Tire Service, Inc., and all others similarly situated in a class action brought against defendant in Ingham Circuit Court to recover registration fees collected between March 1, 1976, and June 17, 1977, from motor vehicle repair facilities pursuant to the Motor Vehicle Service and Repair Act. The court, James T. Kallman, J., directed defendants to refund all registration fees collected from members of plaintiffs' class during the contested period. Defendants appealed and the Court of Appeals held that, although fees during this period had been collected improperly because there were no validly promulgated registration fee rules in effect, defendants would be allowed to retroactively apply validly promulgated rules and remanded the case to the trial court to determine whether any of the plaintiffs were overcharged during this period under the retroactively applied rules, 90 Mich App 179; 282 NW2d 273 (1979). The Supreme Court denied leave to appeal, 407 Mich 886 (1979). On remand, the trial court awarded attorney fees to plaintiffs, which fees were to be taken out of any refunds made to the plaintiffs. There were no refunds and defendants now appeal the award of attorney fees to plaintiffs. *Held:*

1. Attorneys who litigate class action suits on a contingent fee arrangement or class representatives who undertake the burdens of financing a class action absent a contingent fee arrangement are allowed to deduct their fees or expenses from monetary judgments before the money is distributed among

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d (Rev), Attorneys §§ 254-259.
  20 Am Jur 2d, Costs §§ 72-86.
  Attorneys' fees in class actions. 38 ALR3d 1384.
[3] 5 Am Jur 2d, Appeal and Error § 745, 748.

class members. There was no monetary judgment in this case out of which fees could be deducted, therefore, plaintiffs and their attorneys must bear the consequences of their failure to prevail.

2. Attorney fees should be allowed to be collected where the class obtains substantial noneconomic benefits; however, plaintiffs here obtained nothing of substantial value.

3. The fact that defendants failed to raise the issue of attorney fees in their first appeal does not preclude appellate review of the issue under the doctrine of the law of the case because the issue was not addressed in the earlier appeal.

Reversed.

1. Attorney and Client — Class Actions — Attorney Fees.

Attorneys who litigate class action suits on a contingent fee arrangement or class representatives who undertake the burdens of financing a class action absent a contingent fee arrangement are allowed to deduct their fees or expenses from *monetary judgments* before the money is distributed among class members.

2. Attorney and Client — Class Actions — Attorney Fees.

Plaintiffs in a class action suit were not entitled to an award of attorney fees where there was no monetary judgment involved and plaintiffs' victory did not confer any substantial noneconomic benefit on the class.

3. Appeal — Law of the Case.

The doctrine of "law of the case" applies only to issues which have been *previously* addressed in earlier proceedings between the same parties.

*Leslie R. Seeligson,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Ronald J. Styka,* Assistant Attorney General, for defendants.

After Remand

Before: Cynar, P.J., and Bronson and D. F. Walsh, JJ.

Per Curiam. Defendants appeal as a matter of

right from a modified judgment requiring them to pay plaintiffs' attorneys' fees in this class action suit. As will become clear below, this is the second appeal to this Court in this case.

Plaintiffs, motor vehicle repair facilities, originally brought this class action to recover motor vehicle repair facility registration fees collected by the defendants between March 1, 1976, and June 17, 1977, pursuant to the Motor Vehicle Service and Repair Act, MCL 257.1301 *et seq.;* MSA 9.1720(1) *et seq.* The trial court directed defendants to refund all registration fees collected from members of plaintiffs' class during the aforementioned period. The defendants appealed. The pertinent facts pertaining to the first appeal are found in *Thomas Bros, Inc v Secretary of State,* 90 Mich App 179; 282 NW2d 273 (1979). There, this Court found that the registration fees were legally collected from March 1, 1976, through September 9, 1976. In addition, this Court found that the registration fees collected after September 9, 1976, but before July 22, 1977, were collected improperly because there were no validly promulgated registration fee rules in effect during this period. However, this Court permitted the defendants to retroactively apply validly promulgated rules and remanded the case to the trial court to determine whether any of the plaintiffs were overcharged during this period under the retroactively applied rules. The Supreme Court denied leave to appeal. 407 Mich 886 (1979).

On remand, the trial court awarded plaintiffs' attorneys $153,203.50 in fees which were to be deducted from any refunds made to the plaintiffs. However, since the retroactively applied rules were identical to the rules under which the defendants had collected registration fees after Septem-

ber 9, 1976, but before July 22, 1977, there were no refunds.

Defendants now appeal the award of attorney fees to the plaintiffs. Plaintiffs contend that *Bond v. Ann Arbor School Dist,* 383 Mich 693; 178 NW2d 484 (1970), is apposite to the case at bar. There, the plaintiff in a class suit obtained a refund of fees which the school district had illegally charged its students. The Supreme Court held that attorney fees could be deducted from the sum of all such refunds before distribution of the sum to individual class members. This holding is consonant with *Grigg v Michigan National Bank,* 405 Mich 148; 274 NW2d 752 (1979), where the Court indicated that attorney fees "would be payable from the proceeds of the judgment prior to computation for distribution [among class members]". *Id.,* 192.

*Bond* and *Grigg* on their facts, however, do not dictate a judgment for plaintiffs' attorneys in the instant case. In *Bond* and *Grigg,* the judgments yielded monetary proceeds which created a fund from which attorney fees could be deducted. In this case, judgment gave little succor to the plaintiffs. No fund was created which was to be distributed among plaintiffs' class.

The rationale of *Bond* and *Grigg* tends to support a contrary holding in this case. Those cases merely allow attorneys litigating class action suits on a contingent fee arrangement or class representatives who undertake the burdens of financing the class action absent a contingent fee arrangement *to* deduct their fees *or* expenses from monetary judgments *before* the money is distributed among class members. Such a rule relieves attorneys and class representatives from the risky business of collecting fees and expenses from individ-

ual class members *after* distribution of the proceeds from judgment. If the rule were collection after distribution, few attorneys or class representatives would undertake class action litigation. The risk the attorneys in this case seek to eliminate, however, is the risk of losing. In every case, a litigant or an attorney undertakes the risk of having to bear the costs of litigation if he does not ultimately prevail. This is true in class actions, too. *Bond* and *Grigg* are not addressed to this kind of risk.

In this case, the plaintiffs and their attorneys must bear the consequences of their failure to prevail. As was previously mentioned, the plaintiffs failed to confer any economic benefit on members of their class.

Plaintiffs next argue that, since they succeeded in conferring a noneconomic benefit on their class in the form of an injunction ordering the defendants to refrain from illegally collecting registration fees, attorney fees should be awarded.

We find no Michigan cases considering whether attorney fees may be collected where the class obtains noneconomic benefits only. Fees are allowed for such noneconomic benefits in the federal courts if the benefit won is substantial. See, *e.g.,* *Mills v Electric Auto-Lite Co,* 396 US 375; 90 S Ct 616; 24 L Ed 2d 593 (1970), *Holodnak v Avco Corp,* 381 F Supp 191 (D Conn, 1974), *rev'd in part on other grounds* 514 F2d 285 (CA 2, 1975). We believe the federal rule should be applied in Michigan. Various types of permanent injunctions can provide substantial noneconomic benefit to a class. In the instant case, however, plaintiffs obtained nothing of substantial value to them. Defendants' mistake in establishing motor vehicle repair facility registration fees was in not following the com-

plex and elaborate procedures set forth in the Administrative Procedures Act, MCL 24.231 *et seq.;* MSA 3.560(131) *et seq.,* by either extending the emergency fee rules in effect between March 1, 1976, and September 9, 1976, or by promulgating permanent fee rules. However, as this Court held in *Thomas Bros, Inc, supra,* 193-194, this failure did not deprive defendants of the right to collect fees for the period between September 9, 1976, and July 22, 1977. In fact, this Court's holding specifically left open the possibility that the fees due could be greater than those actually paid during the period when monies were collected under the technically invalid rule. Thus, the injunction represented merely a Pyrrhic victory for the plaintiff class. It conferred no substantial benefit on the class. Although the injunction was not dissolved by the first appellate panel to hear this case, the injunction was obviated by the result of the panel's holding that no registration fees had been illegally collected.

Plaintiffs finally argue that appellate review of the attorney fee issue is precluded since the defendants failed to raise the issue in their first appeal. Plaintiffs assert that the law of the case doctrine bars our consideration of this case. However, the law of the case doctrine applies only to an issue which was previously addressed in earlier proceedings between the same parties. *Topps-Toeller, Inc v Lansing,* 47 Mich App 720; 209 NW2d 843 (1973). In the case *sub judice,* the attorney fee issue was not addressed by the first appellate panel to hear this case. Furthermore, there was no need to raise the attorney fee issue in the first appeal. If defendants prevailed in that case on the merits of the substantive issues raised, the attorney award rendered below would, at a minimum, have to be

modified. The *reductio ad absurdum* of plaintiffs' argument is that even had they obtained absolutely no benefit following the appeal concerning the validity of the motor vehicle facility registration fees, they would still be entitled to attorney fees because this issue was not raised in the first appeal. By not raising the issue of attorney fees in the first appeal, defendants were merely conceding that if they lost that appeal on the merits, plaintiffs' attorneys were entitled to the fees awarded by the trial court.

Reversed. No costs, a public question of first impression being involved.