**INDIANA INSURANCE COMPANY, (Cross-Defendant Below), Appellant,**

v.

**SENTRY INSURANCE COMPANY (Cross-Plaintiff Below);**

**Town & Country Home Improvement Company, Inc., (Plaintiff Below; Non-participating Appellee);**

**Delmar L. Hall and Elizabeth Hall (Defendants Below; Non-participating Appellees);**

**First State Savings and Loan Association (Defendant Below; Non-participating Appellee);**

**and**

**Ted Sikora (Defendant Below; Non-participating Appellee), Appellees.**

No. 3–1281A337.

Court of Appeals of Indiana, Third District.

July 29, 1982.

Spangler, Jennings, Spangler, Dougherty, P. C., Merrillville, for appellant; Timothy M. Swan, Merrillville, of counsel.

Robert H. Mittelman, Chicago, Ill., Peter B. Stewart, Indianapolis, for appellee Sentry Ins. Co.; Clausen, Miller, Gorman, Caffrey & Witous, P. C. Pro Hac Vice, Chicago, Ill., Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, of counsel.

STATON, Judge.

This case involves a dispute between two insurance companies as to whether liability for a fire loss should ·be apportioned be-

tween them. Both the Indiana Insurance Company and the Sentry Insurance Company had issued policies covering a house being sold on contract by the Hills to the Halls. The Indiana Insurance policy listed the Hills as the named insured and a savings and loan in the mortgage clause. The Sentry Insurance policy listed the Halls as the named insured. It also stated that since the property was being sold on contract that the Hills' interest was also insured without any increase in the amount of insurance. Both policies contained clauses such that the insurance company will be pro rata liable with any other insurance on the property.[1]

The property was damaged by fire. The Halls vacated the property. At the request of the Hills, the Town & Country Home Improvement Company, Inc. repaired the home. It brought suit against Indiana Insurance and Sentry Insurance on their respective policies to recover the monies it had expended to repair the house. All interests other than the interest of the Halls [2] in the insurance policies were eventually assigned to Town & Country.

Sentry Insurance, in answer to the complaint, tendered to the trial court the full amount claimed and cross claimed against Indiana Insurance for the amount it determined to be the pro rata share of the loss

---

1. The Indiana Insurance policy states:
 "Pro rata liability. This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."
 
 \* \* \* \* \* \*
 
 "1. Apportionment: This Company shall not be liable for a greater proportion of any loss less the amount of deductible, if any, from any peril or perils included in this form than (1) the amount of insurance under this policy bears to the whole amount of fire insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectible or not, and whether or not such other fire insurance covers against the additional peril or perils insured hereunder, nor (2) for a greater proportion of any loss less the amount of the deductible, if any, than the amount hereby insured bears to all insurance whether collectible or not, covering in any manner such loss, or which would have covered such loss except for the existence of this insurance; except if any type of insurance other than fire extended to cover additional perils or windstorm insurance applies to any loss to which this insurance also applies, or would have applied to any such loss except for the existence of this insurance, the limit of liability of each type of insurance for such loss, hereby designated as 'joint loss' shall first be determined as if it were the only insurance, and this type of insurance shall be liable for no greater proportion of joint loss than the limit of its liability for such loss bears to the sum of all such limits. The liability of this Company (under this form) for such joint loss shall be limited to its proportionate part of the aggregate limit of this and all other insurance of the same type. The words 'joint loss', as used in the forego-

 ing, mean that portion of the loss in excess of the highest deductible, if any, to which this form and other types of insurance above referred to both apply...." (Parentheses original.)

 The pertinent section of the Sentry Insurance policy states:
 "6. APPORTIONMENT—SECTION 1:
 a. Loss by fire or other perils not provided for in 6 b. below:
 This Company shall not be liable for a greater proportion of any loss from any peril or perils included in this policy than:
 (1) the amount of insurance under this policy bears to the whole amount of fire insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectible or not, and whether or not such other fire insurance covers against the additional peril or perils insured hereunder; nor
 (2) for a greater proportion of any loss than the amount hereby insured bears to all insurance, whether collectible or not, covering in any manner such loss or which would have covered such loss except for the existence of this insurance.
 b. Coverage C—Unscheduled Personal Property—Loss by theft or loss of unscheduled personal property covered on an unspecified peril basis: Insurance under this policy shall apply as excess insurance over any other valid and collectible insurance which would apply in the absence of this policy.
 c. Deductible: When loss under this policy is subject to a deductible, this Company shall not be liable for more than its share of such loss in excess of the deductible amount as provided in 6 a. or 6 b. above."

2. The Halls also were originally named as defendants in the suit Town & Country Home Improvement Company filed. They were served by publication and failed to appear;

owed by Indiana Insurance. The trial court disbursed the funds to Town & Country, extinguished the insured parties' rights under the insurance policies, and continued the issues between Indiana Insurance and Sentry Insurance concerning pro rata liability under the terms of the policies. Motions for summary judgment were filed by both insurance companies. On summary judgment, the trial court ordered Indiana Insurance to pay its pro rata share of the claim to Sentry Insurance because Sentry Insurance was entitled to contribution. Sentry Insurance also recovered prejudgment interest from Indiana Insurance.

■ On appeal, Indiana Insurance raises the following issues: [3]

(1) Did the trial court grant summary judgment when issues of material fact existed?

(2) Did the trial court err in ordering proration of the loss between Indiana Insurance and Sentry Insurance?

(3) Did the trial court err by making special findings of fact and conclusions of law that were unsupported by the evidence?

(4) Did the trial court err by awarding prejudgment interest to Sentry Insurance?

We affirm.[4]

I.

Material Fact

Indiana Insurance argues that the trial court erred when it granted the summary judgment motion of Sentry Insurance because there was a genuine issue of material fact. It argues that Sentry Insurance had the burden of establishing the nonexistence of a genuine issue of material fact before summary judgment could be granted.

■ The purpose underlying the summary judgment procedure is to terminate those causes of action which have no factual dispute and which may be determined as a matter of law. This procedure is an aid in eliminating undue burdens upon litigants and exposing spurious causes. However, the summary judgment procedure must be applied with extreme caution so that a party's right to the fair determination of a genuine issue is not jeopardized; mere improbability of recovery by the plaintiff does not justify summary judgment for a defendant. *Bassett v. Glock* (1977), 174 Ind. App. 439, 368 N.E.2d 18, 20–21.

■ The summary judgment procedure is an application of the law to the facts when no factual dispute exists. The party seeking the summary judgment, therefore, has the burden to establish that there is no genuine issue as to any material fact. Any doubt as to a fact, or an inference to be drawn therefrom, is resolved in favor of the party opposing the motion for summary judgment. *Poxon v. General Motors Acceptance Corp.* (1980), Ind.App., 407 N.E.2d 1181, 1184.

■ A fact is material if its resolution is decisive of either the action or a relevant

therefore, the trial court entered a default judgment as to them.

3. The issues have been reworded.

4. We must initially note that it is the duty of Indiana Insurance as the appellant to supply a record which is sufficient to permit an intelligent decision of the issues. *Anderson v. Indiana State Employees' Appeals Commission* (1977), 172 Ind.App. 529, 360 N.E.2d 1040, 1042. This includes arranging the pleadings and orders of the trial court in chronological

order. *Id.* 360 N.E.2d at 1041. This is especially true when extensive reference will be made to these matters to determine whether the trial court properly granted a motion for summary judgment. Indiana Insurance has failed to arrange the pleadings and orders in chronological order. It has also provided an index typed in a manner such that it is difficult to quickly find an item. In the future such indexes and records will not be tolerated because they hamper our review and delay the quick determination of issues.

secondary issue. *Lee v. Weston* (1980), Ind. App., 402 N.E.2d 23, 24. The factual issue is genuine if it can not be foreclosed by reference to undisputed facts. That is, a factual issue is genuine if those matters properly considered under Ind.Rules of Procedure, Trial Rule 56 evidence a factual dispute requiring the trier of fact to resolve the opposing parties' differing versions. *Stuteville v. Downing* (1979), Ind.App., 391 N.E.2d 629, 631.

Although TR. 56 permits the introduction of affidavits, depositions, admissions, interrogatories and testimony to aid the court in the resolution of the motion for summary judgment, the procedure involved is not a summary trial. *Bassett v. Glock, supra.* In determining whether there is a genuine issue of material fact, the court considers those facts set forth in the opposing party's affidavits as true, and liberally construes the products of discovery in favor of the opposing party. And finally, all pleadings, evidence, and inferences therefrom are viewed in the light most favorable to the opposing party. *Poxon v. General Motors Acceptance Corp., supra.* In reviewing a grant of summary judgment, this Court uses the same standard applicable to the trial court. *Richards v. Georg Boat & Motors, Inc.* (1979), Ind.App., 384 N.E.2d 1084, 1090. (*Trans. denied.*) We must reverse the grant of a summary judgment motion if the record discloses an unresolved issue of material fact or an incorrect application of the laws to those facts. *Id.*

Indiana Insurance argues that few facts were before the trial court. It reaches this conclusion by a strict interpretation of the word "pleadings" in TR. 56. Indiana Insurance argues that the trial court was limited to the facts set forth in the pleadings; it defines "pleadings" by reference to TR. 7(A).[5] Such a restrictive reading of TR. 56 is not entirely correct. In addition to considering affidavits, interrogatories, admissions, and depositions the trial court may also consider evidence that would be admissible in a trial of the cause. *Middlekamp v. Hanewich* (1977), 173 Ind.App. 571, 364 N.E.2d 1024, 1030–31. (*Trans. denied.*)

Therefore, the trial court could consider the insurance policies of Indiana Insurance and Sentry Insurance to determine questions relating to who was insured by the policies and the interests insured. Contrary to the assertion of Indiana Insurance, there existed no issue of material fact on these issues.

Indiana Insurance argues that a genuine issue of material fact exists whether the assignment of interest in the Indiana Insurance policy by Hill to Town & Country is valid and also whether the assignment of interest in the Sentry Insurance policy by Hill to Town & Country is valid. If the assignments are valid, Indiana Insurance also questions the nature and extent of the assignments.

There is not a genuine issue of material fact regarding the validity of the assignments. If Indiana Insurance did not believe that the assignment of the Hills' interest in the Indiana Insurance policy was valid, it was required by TR. 9(C)[6] to spe-

5. Trial Rule 7(A) states:
"(A) Pleadings. The pleadings shall consist of
(1) a complaint and an answer;
(2) a reply to a denominated counterclaim;
(3) an answer to a cross-claim;
(4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and
(5) a third-party answer.
No other pleadings shall be allowed; but the court may, in its discretion, order a reply to an answer or third-party answer. Matters formerly required to be pleaded by a reply or other subsequent pleading may be proved even though they are not pleaded."

6. TR. 9(C) states:
"(C) Conditions precedent. In pleading the performance or occurrence of promissory or non-promissory conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed, have occurred or have been excused. A denial of performance or occurrence shall be made specifically and with particularity, and a denial of excuse generally."
Our Supreme Court clarified what comprised a condition precedent within the meaning of TR. 9(C) in *Thompson v. City of Aurora* (1975), 263

cifically deny that the assignment was valid because a valid assignment of Hills' interest in the Indiana Insurance policy was a condition precedent going to the ability of Town & Country to sue and to Sentry Insurance maintaining its cross claim against Indiana Insurance. TR. 9(C) also requires Indiana Insurance to have specifically denied that the nature and extent of the assigned interest was insufficient for Town & Country to bring suit. Since Indiana Insurance failed to deny the validity of the assignment and allege that the assigned interest was insufficient for Town & Country to bring suit, neither Town & Country nor Sentry Insurance was required to present proof of a valid assignment of the Hills' interest in the Indiana Insurance policy or to prove the nature and extent of the assigned interest.

The above reasoning also applies to the assignment of the interest of the Hills in the Sentry Insurance policy. Also, when the trial court distributed the money that Sentry Insurance had paid into the court, it had to determine that the money was owed by Sentry Insurance to Town & Country. This would necessitate a finding that the assignment of the interest in the Sentry Insurance policy was valid. Such a finding would then become the law of the case as to the parties.[7] *Kritsidimas v. Sheskin* (1980), 411 A.2d 370, 371; *Thomas Bros. Inc. v. Secretary of State of Michigan* (1981), 107 Mich.App. 805, 310 N.W.2d 249, 252; *Jones v. State* (1981), 79 A.D.2d 273, 436 N.Y.S.2d 489, 490; *Albert v. Guerrero* (1980), 103 Misc.2d 530, 426 N.Y. S.2d 393, 394. *See Schmal v. Ernst* (1979), Ind.App., 387 N.E.2d 96, 98; *See McCubbens v. O'Banion* (1977), 172 Ind.App. 576, 361 N.E.2d 191, 193. Since Indiana Insurance was a party at the time of the disbursement of the funds, it is bound by the law of the case. The validity of the assign-

ment of the interest in the Sentry Insurance policy could not be questioned by Indiana Insurance.

Indiana Insurance argues that genuine issues of material fact existed as to (1) whether Hill, as the named insured under the Indiana Insurance policy, complied with all of the provisions of the Indiana Insurance policy so as to preserve coverage under the policy and (2) whether Hill filed a claim for loss with Indiana Insurance so as to preserve the policy coverage. These questions did not exist because they are conditions precedent within the meaning of TR. 9(C) that were not specifically denied by Indiana Insurance (see previous discussion).

Indiana Insurance argues that a genuine issue of material fact exists whether Sentry Insurance acted as a volunteer when it paid the full adjusted amount of loss into the court. We disagree because the trial court had the Sentry Insurance policy before it; therefore, the facts were not disputed. This would be an issue of law before the trial court; however, this issue was not before the trial court as it was not placed in issue by Indiana Insurance as an affirmative defense as required by TR. 8(C).

Indiana also argues that a genuine issue of material fact exists as follows:

"(10) Can INDIANA be held bound to the determination of the amount of damages claimed by SENTRY and TOWN & COUNTRY without some investigation, input, and appraisal of such damages by INDIANA?"

As stated, this would really be an issue of law. If Indiana Insurance believed that this issue of law needed to be decided before the trial court granted summary judgment, Indiana Insurance should have brought this issue to the attention of the

---

Ind. 187, 325 N.E.2d 839 at 843 when it quoted *Snyder v. Leroy Dyal Co.*, (D.C.S.D.N.Y., 1940), 1 F.R.D. 362 as follows:

"'The conditions precedent, referred to in that rule, are the conditions going to create liability or those which construct a legal capacity to sue and do not include any duty to state that procedural requirements have been fulfilled."

**7.** The "law of the case" doctrine states that once a court has decided a point in a case, that point becomes and remains settled unless or until it is reversed or modified by a higher court. *Kritsidimas v. Sheskin* (1980), 411 A.2d 370, 371.

trial court and also have presented to this Court cogent argument along with citations to authorities to preserve the issue for appeal. Having failed to do these necessary prerequisites, Indiana Insurance has waived this alleged issue. AP. 8.3(A)(7).

Indiana Insurance also argues that genuine issues of material fact exist regarding who assumed the risk of loss for the fire damage pursuant to the provisions of the contract of sale; however, this was irrelevant for a determination of Indiana Insurance's liability under its policy.

## II.

### Proration of Damages

Indiana Insurance argues that the trial court erred when it ordered proration of the loss between Sentry Insurance and Indiana Insurance. It cites *Emmco Insurance Company v. Indiana Farmers Mutual Insurance Company* (1972), 152 Ind.App. 212, 283 N.E.2d 404, 405 for the general rule of law that before there can be pro rata contribution between insurers they must have insured the same risk and the same interest. Indiana Insurance argues that neither the same risk nor the same interest was insured by Sentry Insurance and Indiana Insurance. We disagree.

The general rule of law may be more fully stated as follows: before pro rata contribution may be required between insurers providing concurrent coverage, the policies must cover (1) the same parties, (2) in the same interest, (3) in the same property, (4) against the same casualty. *Granite State Insurance Co. v. Employers Mutual Insurance Company* (1980), 125 Ariz. 275, 609 P.2d 90, 93; *see Emmco Insurance, supra.* The Indiana Insurance policy lists the Hills as the named insured. The Sentry Insurance policy in the contract of sale clause lists the Hills as "insured." The policy defines "insured" as "the named Insured stated in the Declarations of this poli-

cy"; therefore, the Hills are the named insured under both policies. This satisfies the sameness of parties requirement. The only interest the Hills had in the property to insure was that as vendor of the property; therefore, the sameness of interest requirement is satisfied. Both policies insured the dwelling at 1105 West 39th Place, Hobart, Indiana against fire; therefore, the same property is insured against the same casualty.

Indiana Insurance argues that it still owes no money because the only interest in the property destroyed was that of the vendee. It reasons that since the contract between the Hills (vendors) and the Halls (vendees) is not before the court to change the general risk of loss in a sale of property on contract, the risk of loss was on the vendee in possession.[8]

Although it is true that in an action between the vendee and the vendor the vendee would usually bear the risk of loss, this legal principle is irrelevant in the instant case.[9] To hold otherwise would state that when the vendee bears the risk of loss (which is usually the case), the insurer of the vendor's interest would never pay for a loss even though it accepted the premiums from the vendor; the vendee would then become the insurer and the insurance company would be relieved of its role as insurer and allowed to reap the windfall of the premiums it collected from the vendor.

Indiana Insurance contracted to insure the Hills' interest in the property and it accepted premiums from the Hills. Indiana Insurance can not be heard to complain when it must pay because the interest in the property it was paid to insure from loss of a fire actually was destroyed by a fire.

## III.

### Findings of Fact

When granting the motion for summary judgment of Sentry Insurance, the

---

**8.** Indiana Insurance cites *Skendzell v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641 and *Thompson v. Norton* (1860), 14 Ind. 187.

**9.** Indiana Insurance cites several cases it argues applied the "risk of loss on the vendee"

doctrine in this fact situation and found that the insurer of the vendor owed nothing. These cases have minor fact differences which necessitate the different result.

trial court made specific findings of fact. Indiana Insurance argues that several of these findings of fact were not supported by the evidence. Suffice it to say that Indiana Insurance has failed to demonstrate that it was prejudiced by several facts alleged to be incorrect which, in fact, are not material facts for the determination of the motion for summary judgment. Absent prejudice, reversible error does not exist. *Indiana Tri-City Plaza Bowl v. Estate of Glueck* (1981), Ind.App., 422 N.E.2d 670, 677.

Indiana Insurance also argues that several of the findings of fact are not supported by the evidence because genuine issues of material fact existed. These are the same issues Indiana Insurance had previously raised under Issue I above and need not be repeated.

The trial court's finding of fact number four states as follows:

"4. DELMAR and ELIZABETH HALL made claim under the contents portion of the SENTRY policy but never made claim for damage to the building and ultimately were held to have no right to recover therefore [*sic*] by order of court dated 1/17/75. Sometime subsequent to this order, the mortgage was foreclosed by FIRST STATE SAVINGS & LOAN and the property sold at the foreclosure sale."

Indiana Insurance argues that the trial court was incorrect in stating that Hall was ultimately held to have no right to recover for damage to the building by order of court dated January 17, 1975. We disagree because the court's order states in part as follows:

"[I]t is further adjudged and decreed that the defendant, Sentry Insurance Company, and the defendant, Indiana Insurance Company, are released from liability to all parties insured under their respective policies of insurance hereunder and who are parties to the within lawsuit."

Indiana Insurance argues that finding of fact number five is not supported by the evidence. The finding of fact states:

"5. The building was repaired by Plaintiff, TOWN & COUNTRY HOME IMPROVEMENT COMPANY, INC. at a cost of $20,372.85."

Indiana Insurance notes that Town & Country alleged damage to the property of approximately $23,000.00 and that the answer of Sentry Insurance denied the $23,000.00 and claimed that the matter had adjusted to $20,372.85. It argues that this $3,000.00 difference demonstrates a genuine issue of material fact; therefore, the finding of fact is unsupported by the evidence. Indiana Insurance argues that the trial court's reliance on finding of fact number five forced it to pay on its policy without allowing it any input into the investigation, evaluation, and adjustment of the loss.

Before the trial court were exhibits and the affidavit based upon personal knowledge of Mr. Ronald A. Lev, attorney at law, who at one time had primary responsibility for handling this matter for Sentry Insurance.[10] They reveal that from the outset of the claim Indiana Insurance had denied liability. They also reveal that Sentry Insurance had solicited the participation of Indiana Insurance in the adjustment of the claim. Indiana Insurance was not precluded from input into the investigation, evaluation, and adjustment of the loss; it chose not to participate.

These facts are quite similar to the facts in *Massachusetts Bonding and Insurance Company v. Car and General Insurance Corporation*, 152 F.Supp. 477 (E.D.Pa.1957). In *Massachusetts Bonding* the insured was covered by two different insurance companies for the casualty which gave rise to the suit. Both policies contained identical "Other Insurance" clauses which required proration of the loss. One insurance company denied liability up to the trial.[11] The other insurance company and the insured

10. See discussion under Issue I as to why these matters were properly before the trial court when it considered the motion for summary judgment.

11. At trial the insurance company admitted liability.

were able to negotiate a settlement. That court stated:

> "[W]hen this defendant [the insurer that denied liability] unequivocally repudiated all liability as a co-insurer it was in no position to insist that this plaintiff [the insurer that negotiated a settlement] do nothing until an action was brought against the insured and then, in lieu of making a settlement advantageous to both co-insurers, press the case against the insured to final judgment. The defendant's wrongful abdication of its status and responsibilities as co-insurer put the plaintiff in the place of both co-insurers with the rights of both. To hold otherwise would permit a co-insurer which falsely disavowed liability to enforce and benefit from the rights of a co-insurer and at the same time to escape all correlative duties. The protection which law and equity afford a co-insurer is available only to a co-insurer which recognizes its liability and participates in assuming charge of the matters relating to the claim involving its insured and its co-insurer. If the defendant had performed its obligation, it would have joined in the negotiations for settlement or, disapproving settlement, would have joined in the defense of any suit against Johnson; it would not have thrust sole responsibility upon the plaintiff. When the defendant falsely disclaimed, and refused to undertake or perform its obligations it lost its rights to complain that the plaintiff [the other insurer] undertook the obligations of both in the common, as well as its own, interest." [Brackets added]. *Id.* at 480–481.

The court further noted that some jurisdictions allow the co-insurer to recover the non-participating insurance companies pro rata share of the settlement under the theo-

ry that the payor insurer is, by the terms of its own policy, the subrogee of the insured and thus enabled to recover from the disclaiming co-insurer; [12] other jurisdictions deem it sounder to base the apportionment among the co-insurers upon contribution theory. [13] Indiana law has chosen the theory of subrogation. *See Ohio Casualty Group of Insurance Companies v. Royal-Globe Insurance Companies, etc.* (1980), Ind. App., 413 N.E.2d 678, 680; however, in Indiana

> "[t]he right of subrogation is not founded upon contract, expressed or implied, but upon principle of equity and justice, and include every instance in which one party, not a mere volunteer, pays a debt for another, primarily liable, and which, in good conscience, should have been paid by the latter. . . ."

 The trial court did not err in finding that the cost of the repairs was $20,-372.85. Indiana Insurance had the opportunity to participate in the investigation, evaluation, and adjustment of the claim. It refused to participate and it denied liability under its policy. Sentry Insurance, which acknowledged that it was obligated under its policy, undertook its own obligations as well as the obligations of Indiana Insurance and it adjusted the fire loss for both companies. Indiana Insurance is bound by that adjustment.

 Indiana Insurance also argues that the trial court's finding of fact number twelve is incorrect. It states the Indiana Insurance never filed an answer to the complaint of Town & Country. Indiana Insurance was not prejudiced if this finding is incorrect because it is immaterial to our holding whether Indiana Insurance did or did not file an answer to the complaint of Town & Country.

---

**12.** The court provides the following cites:

"*United States Guarantee Co. v. Liberty Mut. Ins. Co.*, 1943, 244 Wis. 317, 12 N.W.2d 59, 150 A.L.R. 632; *Detroit Auto. Inter-Insurance Exchange v. Detroit Mut. Ins. Co.*, 1953, 337 Mich. 50, 59 N.W.2d 80; *Commercial Standard Ins. Co. v. American Employers Ins. Co.*, 6 Cir., 1954, 209 F.2d 60. See also *American*

*Employers Insurance Co. v. Maryland Casualty Co.*, 4 Cir., 1954, 218 F.2d 335."

**13.** The court cites the following:

"*Kenner v. Century Indemnity Co.*, 1946, 320 Mass. 6, 67 N.E.2d 769, 165 A.L.R. 1463; *Queen Ins. Co. of America v. Meyer Milling Co.*, 8 Cir., 1930, 43 F.2d 885."

## IV.

### Prejudgment Interest

Indiana Insurance argues the trial court erred in awarding Sentry Insurance prejudgment interest because Sentry Insurance did not preclude a prayer for interest in its cross claim or in its motion for summary judgment; Indiana Insurance further argues:

"The award of pre-judgment interest was granted by the Court as an afterthought; it was not included in the Special Findings of Fact and Conclusions of Law. It was also entered without notice to counsel for INDIANA. The Court awarded pre-judgment interest at the request of SENTRY and pursuant to I.C. 24–4.6–1–103. This statute has no application to the case at bar, and the awarding by the Court of prejudgment interest to SENTRY was contrary to law."

 The award of prejudgment interest is founded solely upon the theory that there has been a deprivation of the use of money or its equivalent and that unless interest is added the injured party can not be fully compensated for the loss suffered. *Fort Wayne National Bank v. Scher* (1981), Ind.App., 419 N.E.2d 1308, 1310–1311. Interest is recoverable not as *interest* but as additional damages to accomplish full compensation. The statutory interest rate is used merely as a measure for the value of the lost use of the property. *Id.* at 1311.

The cross claim of Sentry Insurance requests the pro rata share of the loss owed by Indiana Insurance and "any further relief which the court shall deem equitable." Interest has been allowed on the recovery of property damage. *Moser v. Buckirk* (1971), 452 F.2d 147; *New York Central Railroad Company v. Churchill* (1966), 140 Ind.App. 426, 218 N.E.2d 372, 378. Assuming that the trial court did grant prejudgment interest on the same date as the special findings of fact and conclusions of law,[14] it did not err because prejudgment interest is further proper relief once the trial court determined that the prerequisites for prejudgment interest existed.[15]

Judgment affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.

---

14. The court order awarding prejudgment interest is neither dated nor file stamped. It is stapled to the order granting summary judgment and to the trial court's findings of fact and conclusions of law dated the 17th of June. It has been entered in the order book with the orders of the 17th. Indiana Insurance correctly argues that the record shows that prejudgment interest was granted before the motion of Sentry Insurance for prejudgment interest had been made and a date set for hearing, however, the court's order states:

"This matter coming to be heard *on motion of* Counter-Plaintiff, *SENTRY INSURANCE COMPANY*, for prejudgment interest, *due notice having been given* and the Court fully advised in the premises. . . ." (Emphasis added.)

This inconsistency in the record has not been explained; therefore, we shall follow the record and take it as fact that the pre-judgment interest was granted on June 17th.

15. Indiana Insurance did not question the existence of the prerequisites required for prejudgment interest; therefore, we shall not discuss them.