Chris D. LITTLE b/n/f Raymond J.
Little, Appellant (Plaintiff below),

v.

Rolland D. WILLIAMSON and Mildred
A. Williamson, Appellees
(Defendants below).

No. 2–882A221.

Court of Appeals of Indiana,
Second District.

Nov. 18, 1982.

Rehearing Denied Dec. 17, 1982.

David M. Payne, Fairmount, for appellant.

Josef Musser, Browne Torrance Spitzer Herriman Browne & Stephenson, Marion, for appellees.

SHIELDS, Judge.

Appellant, Chris Little (Little), appeals the trial court's grant of defendants Roland and Mildred Williamsons' (Williamsons) motion for summary judgment.[1] Little claims the summary judgment was error as a matter of law because negligent infliction of emotional harm absent contemporaneous physical injury is compensable in certain circumstances under Indiana law.

We affirm.

The record shows Little, his older sister, and their puppy were walking along a road in their neighborhood when they were confronted by a Great Dane owned by the Williamsons. The girl grabbed the puppy in her arms in an effort to protect it, but the Great Dane ripped the puppy out of her arms and killed it, in the process biting the girl's arm, breaking two bones, and causing numerous lacerations. Little was present during this altercation. The parties stipulated Little did not suffer any physical injuries as a result of the incident. Mental anguish and fear are the only injuries he claims to have suffered.

In reviewing a grant of summary judgment, we use the same standard as the trial court. Ind. Rules of Procedure, Trial Rule 56; *Indiana Ins. Co. v. Sentry Ins. Co.,* (1982) Ind.App., 437 N.E.2d 1381. We must reverse the grant if the record discloses a genuine issue of material fact or an incorrect application of the law to the facts. *Id.* We find neither ground for reversal here.

---

1. Little appeals after trial and judgment in favor of the other plaintiff, his sister, in the amount of $65,000.

■ Indiana adheres to the general rule damages for emotional distress are recoverable only when accompanied by and resulting from physical injury. *Baker v. American States Ins. Co.,* (1981) Ind.App., 428 N.E.2d 1342, 1349; *Charlie Stuart Oldsmobile, Inc. v. Smith,* (1976) 171 Ind.App. 315, 326, 357 N.E.2d 247, 253 (and cases cited therein) *modified on other grounds,* (1977) Ind.App., 369 N.E.2d 947. *See also Elza v. Liberty Loan Corp.,* (1981) Ind., 426 N.E.2d 1302 (Hunter, J., dissenting from denial of transfer); *Kroger Co. v. Beck,* (1978) 375 N.E.2d 640. This "impact" rule applies whether the complaint alleges negligent or intentional infliction of emotional distress. *See e.g. Kaletha v. Bortz Elevator Co.,* (1978) Ind.App., 383 N.E.2d 1071 (intentional); *Kroger Co. v. Beck,* (negligent); *Charlie Stuart Oldsmobile, Inc. v. Smith* (negligent).

However, an exception to the rule has been made in certain cases of intentional infliction of emotional distress where there are:

> "certain tort actions involving the invasion of a legal right which by its very nature is likely to provoke an emotional disturbance. False imprisonment and assault actions are examples of instances in which a disagreeable emotional experience would normally be expected to be inextricably intertwined with the nature of the deliberate wrong committed, thereby lending credence to a claim for mental disturbance. The conduct of the defendant in such circumstances is characterized as being willful, callous, or malicious, which may produce a variety of reactions, such as fright, shock, humiliation, insult, vexation, inconvenience, worry, or apprehension."

*Charlie Stuart Oldsmobile v. Smith,* 171 Ind. App. at 327, 357 N.E.2d at 254.

While we are aware of the recent dissent by Justice Hunter to the denial of a petition to transfer on the issue of the parameters of this exception in regard to intentional infliction of emotional distress, *Elza,* 426 N.E.2d at 1302, we find no Indiana cases excepting *negligent* infliction of emotional distress actions from compliance with the impact rule. Indeed, our cases consistently hold negligent infliction of emotional distress, absent contemporaneous physical injury, is not compensable. *See Boston v. Chesapeake & O. Ry.,* (1945) 223 Ind. 425, 61 N.E.2d 326; *Baker v. American States Ins. Co.; Charlie Stuart Oldsmobile, Inc. v. Smith; Cleveland, C.C. & St.L. Ry. v. Stewart,* (1900) 24 Ind.App. 374, 56 N.E. 917; *Kalen v. Terre Haute & I. RR.* (1897) 18 Ind.App. 202, 47 N.E. 694.

■ Little urges us to overrule this existing case law and recognize negligent infliction of emotional distress as an independent tort. However, this responsibility we must leave to our supreme court or legislature. Further, considering the evolution of Indiana law concerning recovery for infliction of emotional distress, we believe any erosion of the impact rule must first occur in cases of intentional rather than negligent infliction of emotional distress.[2]

The record shows the parties stipulated Little suffered no physical injuries from the incident with the Great Dane.[3] Therefore,

---

**2.** *But see Kroger Co. v. Beck,* (1978) 375 N.E.2d at 645, n. 5 (dicta); Note, *Recovery for Negligent Infliction of Emotional Distress: Changing the Impact Rule in Indiana,* 54 Ind.L.J. 467 (1979).

**3.** We offer no opinion whether there would have been an issue of material fact if the Great Dane had knocked Little down but not harmed him, *i.e.,* if our impact rule requires actual harm or if mere physical contact is sufficient. *See Kroger Co. v. Beck* (seems to indicate injury must occur although need not be permanent or substantial). Although the complaint alleged the dog knocked Little down, whether that happened is not in issue for, as Williamsons point out in the brief supporting their motion for summary judgment, Little admitted in his published deposition he was not knocked down. Although on a summary judgment the pleadings are to be construed liberally in favor of the non-moving party, *Indiana Ins. Co. v. Sentry Ins. Co.,* (1982) Ind.App., 437 N.E.2d 1381, 1386, the allegations in the complaint cannot be taken as true if negated by the plaintiff in sworn admissions such as deposition testimony. *Papp v. City of Hammond,* (1967) 248 Ind. 637, 643, 230 N.E.2d 326, 330; *Estate of Tanasijevich v. City of Hammond,* (1978) Ind.App., 383 N.E.2d 1081, 1083.

given our impact rule, there was no genuine issue of material fact and the trial court correctly applied the law in granting Williamsons' motion for summary judgment.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.